Spiesberger Bros. v. Thomas.

SPIESBERGER BROS. V. THOMAS ET AL.

1. **Appeal to Supreme Court:** CASES INVOLVING NOT MORE THAN $100: PROVINCE OF THE COURT. When appeals are taken to this court in cases involving not more than $100, it is not the province of the court to decide questions certified but not argued, nor questions argued but not certified, nor questions certified and argued, where it is shown affirmatively that they do not arise in the case.

2. **Practice:** WRIT OF ERROR: NO PRESUMPTION WHERE RECORD IS SILENT. A writ of error requires only so much of the record to be certified as is necessary to secure a correction of the error complained of; and no presumption can be indulged in reference to a point about which the portion of the record so certified is silent.

3. **Jurisdiction:** JUSTICE'S COURT: AMOUNT IN CONTROVERSY: ATTORNEY'S FEE AS PART OF. In determining the jurisdiction of a justice of the peace, where a question is made as to the amount in controversy, an attorney's fee, provided for in the note, is not to be considered as a part of the amount in controversy, but is to be treated as costs. Chapter 185, § 2, Laws 1880.

*Appeal from Hardin Circuit Court.*

FRIDAY, OCTOBER 20.

THIS action was brought before a justice of the peace to recover upon a promissory note. The amount called for by the note was $91.50, being the principal, $90, and the accrued interest, $1.50. The note also provided for an attorneys fee. The court rendered judgment for the plaintiff for $91.50 as the amount of the note, and for cost taxed at $12.05, and allowed as a part of the costs an attorney's fee of $9.15, being ten per cent of the amount allowed upon the note. The defendant removed the case by a writ of error to the Circuit Court, which confirmed the judgment of the justice. The defendant appeals.

*J. H. Scales,* for appellant.

*A. M. Bryson* and *W. O. Allen,* for appellee.

ADAMS, J.—The case comes to us upon a certificate, and the questions certified are in substance as follows: whether upon the hearing of a writ of error the Circuit Court has the right to inquire into the sufficiency of the evidence upon which the justice of the peace predicated his judgment; whether in determining the jurisdiction of the justice an attorney's fee provided for is to be considered as a part of the amount in controversy, or treated as costs; and whether, under the statute, it is absolutely necessary, in order to recover an attorney's fee, that an affidavit should be filed.

We desire to say, by way of introduction, that it is not our province to decide questions certified and not argued, nor questions argued and not certified, nor questions certified and argued, where it is shown affirmatively that they do not arise in the case. The justice rendered judgment for $9.15 in favor of the plaintiff as an attorneys fee, and it does not appear that any affidavit was filed, and it is shown affirmatively that no evidence was introduced by plaintiff except the note, and that no attorney appeared for plaintiff at the trial.

*1. APPEAL to supreme court: cases involving not more than $100: province of the court.*

The statute provides that no attorney's fee shall be taxed except in favor of a regular attorney. Chapter 185 § 3, Laws of 1880. Whether the justice erred because the attorney's fee was taxed in favor of plaintiffs, instead of being taxed in favor of an attorney, we cannot determine, because such question is not certified.

Again, it may be that there should be some evidence, independent of the note, of the value of the services. The defendants contend, and not without some reason, that the statute under which the justice evidently acted was designed merely to fix the maximum limit. But whether he erred in fixing the attorneys fee without any evidence before him except the note, we cannot determinine, because such question is not certified. The question certified as to whether the Circuit Court can, upon a writ of error, inquire into the sufficiency of the evidence upon which the justice rendered

judgment, is well enough, but it does not go far enough. Behind it lies the other question as to whether the evidence in this case is sufficient. To justify us in reversing upon this point, it would be necessary for us to make a ruling upon both questions, but we could not do this without making a ruling upon a question not certified.

We have to say, also, that there is still another question certified which is of such a character that we should not be justified in reversing, though the question should be answered in favor of the appellant. The question is, as to whether, under the statute, it is absolutely necessary, in order to recover an attorney's fee, that an affidavit should be filed. The statute referred to is the same above cited, and requires that a certain affidavit by the attorney engaged in the cause shall be filed before there shall be an allowance of an attorney's fee. But if we should hold for the appellant that an affidavit is necessary, we should not be justified in reversing upon this point, unless the presumption is that none was filed where the record is silent, and, such we think, is not the presumption. A writ of error requires only so much of the case to be removed as is necessary to secure a correction of the error complained of. Code, § 3597. The affidavit for the writ should set forth the errors complained of. Code, § 3598. The affidavit for the writ in this case does not set forth that there was a want of the attorney's affidavit. The justice therefore was not required to show in his return whether an attorney's affidavit was filed or not.

2. PRACTICE: writ of error: no presumption where record is silent.

The appellant endeavors to meet this point by saying that both the affidavit for the writ and the justice's return show that the plaintiff introduced no evidence except the note. But the attorney's affidavit was not evidence to be introduced by the plaintiff. It is rather a condition precedent, to be preformed by the attorney, before an attorney's fee can be allowed in his favor.

But the appellant endeavors further to meet this point by

saying that it is shows affirmatively that no attorney appeared for plaintiffs at the trial. It would not, however, follow that no attorney rendered any service in bringing the action, or causing it to be brought, and if such service was rendered by an attorney, he may have filed the requisite affidavit.

One question certified and argued seems properly to arise from the record, and is of a determinative character; and that

3. JURISDIC-TION : justice's court : amount in controversy : attorney's fees as part of.

is, as to whether, in determining the jurisdiction of the justice, where a question is made as to the amount in controversy, an attorney's fee provided for in the note is to be considered a part of the amount in controversy, or treated as costs.

The statute expressly declares that it shall be treated as a part of the costs. Section 2 of statute above cited. The amount in controversy, then, was not more than $100, and the justice had jurisdiction.

AFFIRMED.