## RYCE v. MITCHELL COUNTY.

1. **Attorney at Law**: DEFENSE OF PAUPER CRIMINAL: COMPENSATION: RECOVERY OF COUNTY: AFFIDAVIT. An attorney at law who has defended a pauper criminal, under appointment of the court, is not entitled to the compensation provided by law (Code, § § 3829, 3830) "until he files his affidavit that he has not directly nor indirectly received any compensation for such services from any source." See Code, § 3831. An affidavit attached to the account, as presented to the board of supervisors, that it is just and true, and wholly unpaid, is not sufficient.

*Appeal from Mitchell Circuit Court.*

FRIDAY, DECEMBER 12.

THIS action was originally brought before a justice of the peace. Plaintiff is an attorney at law, and he brought the

action to recover from the county the sum of $100, as compensation for his services in defending a person who was indicted and tried in the district court of the county for a felony.    Plaintiff was appointed by the district court to defend the party, and the services for which he seeks to recover compensation were rendered in an appeal to this court from a judgment of conviction by the district court.    The justice sustained a demurrer to plaintiff's petition, and, he electing to stand on this ruling, the justice entered judgment against him.    He then removed the cause to the circuit court by writ of error.    The circuit court reversed the judgment of the justice, and from this order the defendant appeals.

*Cleland & Eaton*, for appellant.

*L. M. Ryce, pro se.*

REED, J.—It was alleged in plaintiff's petition that he had presented his account for the services in question to the board of supervisors of the county, and that the board had refused to allow the same.    Attached to the petition as an exhibit was a copy of said account, together with the affidavit of plaintiff which accompanied the account when it was presented to the board of supervisors.    The ground of the demurrer to the petition in effect was that this affidavit was not sufficient under the statute, and for that reason plaintiff was not entitled to have the account allowed by the board of supervisors, and hence he could not maintain an action in the courts on the account; and the only question presented by the record for our determination is as to the sufficiency of said affidavit.    The affidavit is as follows:    " I, L. M. Ryce, do solemnly swear that the above account is just and true, and that the same has not been paid, nor any part thereof, as I verily believe."    The liability of the county for the compensation of an attorney who is appointed by the court to defend a person who is accused of crime, and the amount which the attorney is entitled to receive as compensation for

his services under such appointment, is created and regulated by sections 3829 and 3830 of the Code. And it is provided by section 3831 that "only one attorney in any one case shall' receive the compensation above contemplated. Nor is he entitled to this compensation until he files his affidavit that he has not directly nor indirectly received any compensation for such services from any source."

The objection urged against the affidavit in question is that it does not show that the attorney has not received compensation for his services from the person for whose benefit they were rendered, or from some other source. We think this objection is well founded. The object of the legislature in enacting the section of the statute quoted above is very apparent. It was to prevent attorneys from asserting claims against the county for compensation for such services in all cases in which they have received any compensation from the accused, or any other source. The account in question, as stated, was against the county for services rendered in the particular case. The affidavit was to the effect that the account—that is, the account against the county for those services—had not been paid, nor had any part of it been paid. This may all have been true, and yet the attorney may have received compensation from some other source for the services.

But it is said that, as the account could not be a just and true account against the county if the attorney had received compensation from any other source, the allegation in the affidavit that it "is just and true" is equivalent to a statement that he had not received compensation therefor from any other source. But the answer to this postion is that it leaves the question to be determined by inference, or as a matter of conclusion from the language used, whereas the statute requires that the fact shall be sworn to directly and unequivocally. What the opinion or belief of the affiant was as to what it took to constitute a just and true account against the county in such case was known only to himself.

As he is a lawyer, it might and perhaps ought, to be inferred that he meant by the statement that the circumstances were such as that the county was legally and justly liable for the claim; but it would have been very easy, if that is what was meant, to state the very fact which the statute requires to be stated; and, as the requirement of the statute is plain and certain as to what shall be stated, he ought not to be permitted to so frame his affidavit as to leave the question of his meaning a matter of conjecture or inference.

REVERSED.