## PIERSON *v.* PHILIPS *et al.*

### (*Circuit Court, E. D. Texas.* December 18, 1888.)

COURTS—FEDERAL JURISDICTION—UNITED STATES MARSHAL—ACTION ON BOND.
The circuit court of the United States has not original jurisdiction in suits on United States marshal's bonds, where the amount in controversy does not exceed $500.

At Law.    Action on United States marshal's bond.
*Waul & Walker*, for plaintiff.
*S. C. Hanscomb*, for defendants.

PARDEE, J.    This suit was instituted June 23, 1886, and is against the late United States marshal and his sureties on his official bond to recover the sum of $291.76, alleged damages for the breach of said bond, and the further sum of $9.50 costs, with interest on the whole at 8 per cent. per annum from June 8, 1885.    It is then a suit of civil nature at common law arising under the laws of the United States, (see *Feibelman* v. *Packard*, 109 U. S. 421, 3 Sup. Ct. Rep. 289,) in which the sum involved does not exceed $500.    The proof submitted makes out the plaintiff's case, and he is entitled to the judgment asked if the circuit court has jurisdiction of the cause.    When the suit was brought the act of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes," was in force, and that act seems to be the first statute of the United States that seeks to give to the circuit court original jurisdiction of suits of a civil nature arising under the constitution and laws of the United States, regardless of the citizenship of the parties.    In that act the only limitation on the jurisdiction in such cases is that the matter in dispute shall exceed the sum or value of $500, exclusive of costs.    There is no special or other act that in terms gives the circuit court jurisdiction in suits on United States marshal's bonds. The plaintiff contends that in suits on marshal's bonds the jurisdiction of the circuit court attaches, irrespective of the amount involved, by virtue of the act of congress of April 10, 1806, now found in section 784, Revised Statutes, to the effect that, "in case of a breach of the condition of a marshal's bond, any person thereby injured may institute in his own name and for his sole use a suit on said bond, and thereupon recover such damages as shall be legally assessed, with costs of suit, for which execution may issue for him in due form," and relies upon a line of decisions rendered prior to the jurisdiction act of 1875.    See *Wetmore* v. *Rice*, 1 Biss. 237; *U. S.* v. *Davidson*, Id. 433; *Adler* v. *Newcomb*, 2 Dill. 45, and the number of such cases may be largely increased.    The theory seems to have been as stated by Judge TREAT in *Adler* v. *Newcomb*, that the federal courts have jurisdiction, because the act of 1806 giving the right to a party injured by breach of the bond to sue thereon in his own name "puts such party in the place of the United States, and

does not take from the federal courts the jurisdiction they had before the act was passed when suit had to be brought in the name of the United States." In all these cases, so far as I have been able to examine, there was not one where the decision was made to turn on the amount involved or where the amount involved was stated as under $500. Whether, prior to the act of March 3, 1875, the circuit court had jurisdiction of suits brought on marshal's bonds, irrespective of the citizenship of the parties and of the amount involved, does not seem necessary to determine in this case. It is well settled that the circuit courts of the United States can exercise no jurisdiction not conferred by act of congress. See *Livingston* v. *Jefferson*, 1 Marsh. 203, and *Harrison* v. *Hadley*, 2 Dill. 229, and authorities there cited. A suit on a marshal's bond is a suit of a civil nature arising under the constitution and laws of the United States. *Feibelman* v. *Packard, supra*. The jurisdiction of the circuit court in suits of a civil nature, arising under the constitution and laws of the United States, at the time this suit was brought, was fixed and determined by the act of March 3, 1875, and therein it is limited to suits in which the matter in controversy exceeds the sum or value of $500. The same act gives the same minimum limit to the jurisdiction in suits of a civil nature in which the United States are plaintiffs or petitioners; so that, if this suit had been brought by the United States there would be the same question as to jurisdiction. See *U. S.* v. *Coke Co.*, 18 Fed. Rep. 708. It seems to me clear that since the act of 1875, whatever may have been the case before, suits on United States marshal's bonds are only within the original jurisdiction of the circuit courts when the sum involved exceeds $500, and I limit this conclusion to cases of original jurisdiction, because there is no question made in this case as to the jurisdiction where the marshal and his sureties are sought to be incidentally made liable in some suit of which the circuit court has jurisdiction. Judgment will be entered dismissing the suit for want of jurisdiction.