SWOFFORD v. CORNUCOPIA MINES OF OREGON et al.

(Circuit Court, D. Oregon. November 21, 1905.)

No. 3,003.

1. REMOVAL OF CAUSES—FEDERAL QUESTION—AMOUNT IN CONTROVERSY.

A trustee or receiver in bankruptcy cannot remove a cause into a federal court, on the ground that it is one arising under the laws of the United States, unless it clearly appears that the jurisdictional amount of $2,000 is involved.

[Ed. Note.—Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennant-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

2. SAME—COSTS—STATUTORY ATTORNEY'S FEES.

Under B. & C. Comp. Or. § 5672, which provides that, on a recovery in suits to enforce miners' liens, a reasonable attorney's fee shall be allowed "as part of the costs," the amount prayed for as an attorney's fee cannot be added to the amount of the lien for the purpose of making the requisite amount to give a federal court jurisdiction on removal.

[Ed. Note.—Jurisdiction of federal courts in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

On Motion to Remand to State Court.

Butcher, Clifford & Connell, for plaintiff.
Emmett Callahan and Teal & Minor, for defendants.

GILBERT, Circuit Judge. This cause was removed to this court from the Circuit Court of the state of Oregon for Baker county. The plaintiff moves to remand, on the ground that this court has no jurisdiction of the controversy. The petition alleges as grounds for removal diversity of citizenship, prejudice, and local influence, and the fact that the cause presents a federal question, in that a receiver in bankruptcy is one of the parties defendant. It alleges, also, that the amount in controversy exceeds $2,000, exclusive of interest and costs. The cause is not removable under any of the grounds stated in the petition, unless the necessary jurisdictional amount in controversy clearly appears. Pierson v. Philips (C. C.) 36 Fed. 837; Hallam v. Tillinghast (C. C.) 75 Fed. 849; Ex parte Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; Black's Dillon on Removal of Causes, § 48. A trustee or a receiver in bankruptcy cannot remove a cause to this court unless the amount involved exceeds $2,000. Collier on Bankruptcy (4th Ed.) 247, and cases there cited.

The complaint is brought to enforce a miner's lien under section 5668, B. & C. Comp. Or. The plaintiff alleges that he has perfected two such liens for work done upon the Cornucopia Mines of Oregon, the aggregate of which is $1,905.50. He claims in addition thereto attorney's fees in the amount of $750 under section 5672, B. & C. Comp. Or., which contains the following provision:

"In all suits under this act the court shall, upon entering judgment for the plaintiff, allow as part of the costs all moneys paid for the filing and recording of the lien and also a reasonable amount as attorney's fees."

The question presented is whether the attorney's fee so provided for as costs may be added to the amount of the liens, so as to create the amount in controversy which is necessary to give this court jurisdiction. The defendants cite and rely upon Rogers v. Riley (C. C.) 80 Fed. 759, in which it was held that where by express stipulation, valid in the state where made, a debtor becomes liable for reasonable attorney's fees in case the debt is collected by suit, such fee is not a part of the costs which are excluded under the judiciary act, but may be added to the amount of the debt for the purpose of making up the jurisdictional amount. This was held expressly upon the ground that the obligation to pay a reasonable attorney's fee was a contractual one, and was an existing liability at the date of bringing the suit. But in the present case there was no such contractual liability to pay attorney's fees. The corporation for which the work was done had not promised to pay attorney's fees. The obligation is purely statutory, and is declared by the statute to be allowable upon entering a judgment for the lien claimant as a part of the costs. In 11 Cyc. 105, it is said:

"In jurisdictions where stipulations for the payment of attorney's fees are considered valid, these fees are taxable as costs."

This is especially true in jurisdictions where by statute it is declared that attorney's fees shall be treated as part of the costs, notwithstanding that the obligation to pay them may rest in the contract of the parties. Spiesberger Bros. v. Thomas, 59 Iowa, 606, 13 N. W. 745. The

amount in controversy in the present suit is therefore the sum of the liens, exclusive of attorney's fees, and is not sufficient to sustain the jurisdiction of the court.

The motion to remand is allowed.