PETERS v. QUEEN INS. CO. OF AMERICA.

(Circuit Court S. D. Georgia, Albany Division. July 11, 1910.)

1. COURTS (§ 326*)—FEDERAL COURTS—JURISDICTION.

Federal jurisdiction in an action at law between citizens of different states does not exist, unless the amount involved exceeds $2,000, exclusive of interest and costs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 888; Dec. Dig. § 326.*]

2. COURTS (§ 328*)—FEDERAL COURTS—AMOUNT IN CONTROVERSY—"COSTS."

Civ. Code Ga. 1895, § 2140, provides that, when an insurance company refuses to pay a loss within 60 days after demand, it shall be liable to the policy holder, in addition to the loss, for not more than 25 per cent. on the company's liability, and also for all reasonable attorney's fees for the prosecution of the case, provided it shall appear that the insurer's refusal to pay the loss was in bad faith. *Held,* that the amount recoverable for attorney's fees under such section should be regarded as "costs," defined by the state court to include all charges fixed by statute as compensation for services rendered by officers of the court in the progress of the cause; and hence, where a reasonable amount for attorney's fees under such statute was necessary to bring the amount in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

182 F.—8

controversy up to $2,000, the action, though between citizens of different states, was not within the jurisdiction of the federal Circuit Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 896; Dec. Dig. § 328.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

At Law. Action by Mrs. Beulah Peters, as administratrix, etc., against the Queen Insurance Company of America, on a fire policy, removed from the city court of Moultrie, Ga. On motion to remand. Granted.

J. A. Wilkes and Shipp & Kline, for plaintiff.

King & Spalding, E. Marvin Underwood, and Denmark & Griffin, for defendant.

SPEER, District Judge. This is an action on a fire insurance policy, removed from the city court of Moultrie. The petition for removal is based upon the fact that the Queen Insurance Company, the defendant, is a nonresident of the state of Georgia, and because of diversity of citizenship is entitled under the legislation of Congress to have its controversy removed to and determined in the United States court.

The jurisdiction of this court does not obtain in any case of this character, unless the amount involved exceeds the sum of $2,000, exclusive of interest and costs. Plaintiff's claim is made up of three items: (1) Loss under the policy in the amount of $1,500; (2) 25 per cent. thereon, amounting to $375, as a penalty under section 2140 of the Civil Code of Georgia of 1895; and (3) 25 per cent. thereof as attorney's fees, amounting also to $375, under the same section of the Code.

A motion to remand the case has been made, was argued orally and by brief, and the court has taken time for advisement. It is quite evident that, in order to confer jurisdiction, both the penalty and the attorney's fees claimed must be considered as included in the amount in controversy. If either item is omitted, the plaintiff's claim is only for $1,875.

Section 2140 of the Code of Georgia of 1895 provides:

"The several insurance companies of this state, and foreign insurance companies doing business in this state, in all cases when a loss occurs, and they refuse to pay the same within sixty days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company, provided it shall be made to appear to the jury trying the same that the refusal of the company to pay said loss was in bad faith."

It is not deemed essential to state the views of the court upon the question whether or not the penalty made possible by the statute is

a part of the principal amount involved. It seems the question may be determined upon the inquiry: Does the language of the Code allowing reasonable attorney's fees in the section above quoted, viz., "all reasonable attorney's fees for the prosecution of the case," provide for the recovery of such amount as costs or damages?

It is insisted that, since costs were unknown to the common law, only such items as are defined by the statute of the state (section 5394 of the Civil Code of 1895) should be regarded as costs. This section relates exclusively to the costs of witnesses, of the clerk of court, of the justice of the peace, the sheriff, etc., and has no express reference to fees of attorneys. It is, however, true that the word "costs" has been judicially defined by the Supreme Court of the state as follows:

"The term 'costs' has, as applied to proceedings in a court of justice, as in the acceptation of the profession and by the practice of all courts in Georgia, a well-understood meaning. It includes all charges fixed by statute, as compensation for services rendered by officers of the court in the progress of the cause. It does not embrace fees, to which counsel prosecuting or defending may be entitled by contract, express or implied, between them and their clients." Davis v. State, 33 Ga. 533; Markham v. Ross, 73 Ga. 105.

Accepting these deliverances of the state Supreme Court as conclusive, it appears that fees of counsel for their services under contract, express or implied, may not be treated as costs; and, since this item of attorney's fees does not arise from contract, express or implied, but is allowed by statute, the inquiry seems inevitable, must it not be treated as costs? It is true that the amount is not definitely fixed by the statute, and the jury is permitted to fix it. It must be "reasonable," and is therefore under the control of the court. It is not a certain item of costs, but "id certum est quod certum reddi potest." And since the amount claimed is not for the honorarium of counsel, it is for the reasonable fees of attorneys, and, like the docket fee of the attorney allowed by the practice of the United States court, the finding of the jury in this respect, if allowable at all, it would seem just be treated as costs.

A learned discussion of this subject, by Mr. Justice Grier, will be found in Day v. Woodworth, 13 How. 370, 14 L. Ed. 181. There an exception was made to an instruction of the court which failed to include a direction to the jury that the plaintiff was not only entitled to the actual damages suffered, but his counsel fees and other expenses incurred in prosecuting his suit.

"It is a well-established principle of the common law that in actions of trespass, and all actions on the case for torts, a jury may inflict what are called exemplary, punitive, or vindictive damages upon a defendant, having in view the enormity of his offense, rather than the measure of compensation to the plaintiff. We are aware that the propriety of this doctrine has been questioned by some writers; but, if repeated judicial decisions for more than a century are to be received as the best exposition of what the law is, the question will not admit of argument. By the common as well as by statute law, men are often punished for aggravated misconduct or lawless acts, by means of a civil action, and the damages, inflicted by way of penalty or punishment, given to the party injured. In many civil actions, such as libel, slander, seduction, etc., the wrong done to the plaintiff is incapable of being measured by a money standard; and the damages assessed depend on the circumstances, showing the degree of moral turpitude or atrocity of the de-

fendant's conduct, and may properly be termed exemplary or vindictive, rather than compensatory.

"In actions of trespass, where the injury has been wanton and malicious, or gross and outrageous, courts permit juries to add to the measured compensation of the plaintiff which he would have been entitled to recover, had the injury been inflicted without design or intention, something farther by way of punishment or example, which has sometimes been called 'smart money.' This has always been left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case. It must be evident, also, that, as it depends upon the degree of malice, wantonness, oppression, or outrage of the defendant's conduct, the punishment of his delinquency cannot be measured by the expenses of the plaintiff in prosecuting his suit. It is true that damages, assessed by way of example, may thus indirectly compensate the plaintiff for money expended in counsel fees; but the amount of these fees cannot be taken as the measure of punishment or a necessary element in its infliction.

"This doctrine about the right of the jury to include in their verdict, in certain cases, a sum sufficient to indemnify the plaintiff for counsel fees and other real or supposed expenses over and above taxed costs, seems to have been borrowed from the civil law and the practice of the courts of admiralty. At first, by the common law, no costs were awarded to either party, eo nomine. It the plaintiff failed to recover, he was amerced pro falso clamore. If he recovered judgment, the defendant was in misericordia for his unjust detention of the plaintiff's debt, and was not, therefore, punished with the expensa litis under that title. But, this being considered a great hardship, the statute of Gloucester (6 Edw. I, c. 1) was passed, which gave costs in all cases when the plaintiff recovered damages. This was the origin of costs de incremento; for, when the damages were found by the jury, the judges held themselves obliged to tax the moderate fees of counsel and attorneys that attended the cause. See Bac. Abr. tit. 'Costs.'

"Under the provisions of this statute every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expenses and trouble in prosecuting his suit. It is true, no doubt, and is especially so in this country (where the Legislatures of the different states have so much reduced attorney's fee bills, and refused to allow the honorarium paid to counsel to be exacted from the losing party), that the legal taxed costs are far below the real expenses incurred by the litigant; yet it is all the law allows as expensa litis. If the jury may 'if they see fit' allow counsel fees and expenses as a part of the actual damages incurred by the plaintiff, and then the court add legal costs de incremento, the defendants may be truly said to be in misericordia, being at the mercy both of court and jury. Neither the common law, nor the statute law of any state, so far as we are informed, has invested the jury with this power or privilege. It has been sometimes exercised by the permission of courts; but its results have not been such as to recommend it for general adoption either by courts or Legislatures.

"The only instance where this power of increasing the 'actual damages' is given by statute is in the patent laws of the United States. But there it is given to the court, and not to the jury. The jury must find the 'actual damages' incurred by the plaintiff at the time his suit was brought; and if, in the opinion of the court, the defendant has not acted in good faith, or has been stubbornly litigious, or has caused unnecessary expense and trouble to the plaintiff, the court may increase the amount of the verdict, to the extent of trebling it. But this penalty cannot, and ought not, to be twice inflicted, first at the discretion of the jury, and again at the discretion of the court. The expenses of the defendant over and above taxed costs are usually as great as those of plaintiff; and yet neither court nor jury can compensate him, if the verdict and judgment be in his favor, or amerce the plaintiff pro falso clamore beyond taxed costs. Where such a rule of law exists, allowing the jury to find costs de incremento in the shape of counsel fees, or that equally indefinite and unknown quantity denominated (in plaintiff's prayer for instruction) 'etc.,' they should be permitted to do the same for the defendant, where he succeeds in his defense; otherwise, the parties are

not suffered to contend in an equal field. Besides, in actions of debt, covenant, and assumpsit, where the plaintiff always recovers his actual damages. he can recover but legal costs as compensation for his expenditure in the suit, and as punishment of defendant for his unjust detention of the debt; and it is a moral offense of no higher order to refuse to pay the price of a patent, or the damages for a trespass, which is not willful or malicious, than to refuse the payment of a just debt. There is no reason, therefore, why the law should give the plaintiff such an advantage over the defendant in one case, and refuse it in the other. See Barnard v. Poor, 21 Pick. (Mass.) 382, and Lincoln v. Saratoga Railroad, 23 Wend. (N. Y.) 435."

It is true that the learned justice delivering the opinion did not have under consideration any statute allowing the jury to fix reasonable attorney's fees under the conditions defined by the Georgia law; but the principle announced by him is the precise principle underlying that statute, and he treats the allowance to attorneys as costs, and not as damages.