## CONNER et al. v. CONNECTICUT FIRE INS. CO.

(District Court, S. D. Florida. September 12, 1923.)

No. 1628.

Removal of causes ⬉⟿72—Attorney's fee to be considered on jurisdictional question in action against insurer on motion to remand.

Federal District Court in Florida had jurisdiction of an action on an insurance policy for $3,000, where the declaration claimed interest from the expiration of 60 days from the proof of loss and a reasonable attorney's fee, allowed by Rev. Gen. St. Fla. 1920, § 4263, and plaintiff was not entitled to remand to state court.

At Law. Action by Rubie C. Conner, joined by her husband, E. C. Conner, against the Connecticut Fire Insurance Company. On hearing of motion to remand to the state court. Motion denied.

See, also, 291 Fed. 105.

Geo. W. Scofield, of Inverness, Fla., and Fleming, Hamilton, Diver & Fleming, of Jacksonville, Fla., for plaintiffs.
Axtell & Rinehart, of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on for a hearing upon the motion to remand to the state court. The policy sued on is for $3,000: the declaration claims interest from the expiration of 60 days from the proof of loss, and a reasonable attorney's fee allowed by the statute.

It is the contention of the plaintiffs that the attorney's fee cannot be considered in making up the jurisdictional amount for this court, and they rely upon Peters v. Queen Ins. Co. of America (C. C.) 182 Fed. 115, and Swofford v. Cornucopia Mines of Oregon et al. (C. C.) 140 Fed. 957. In the first case Judge Speer based his opinion upon the decision of the Supreme Court of Georgia, defining costs. In the second case above mentioned, the statute of Oregon provided that the plaintiff should recover "as part of the costs all moneys paid for filing and recording of the lien and also a reasonable amount as attorney's fees."

The case from the Florida Supreme Court of Hines v. Taylor, 79 Fla. 218, 84 South. 381, is also referred to. An examination of the statute then in force will show that the statute (section 2875, General Statutes of Florida) specifically states: "Which said costs shall include a reasonable attorney's fee." I find no such provision in section 4263, Revised General Statutes. In Farmers' & Merchants' Ins. Co. v. Dobney, 189 U. S. 301, 23 Sup. Ct. 565, 47 L. Ed. 821, the statute

---

of Nebraska there considered read: "shall allow the plaintiff a reasonable sum as an attorney's fee to be taxed as part of the costs." So it seems to me that these cases do not afford any light on the question at issue in this case.

The statute of Florida provides that there shall be adjudged against the insurer, and in favor of the insured, a reasonable sum as fees for his attorney prosecuting the suit, and further provides for the fixing of this sum by the court or jury upon testimony. Such being the statute of this state, I must view the attorney's fee provided by the statute as a penalty, and not as costs, to be taxed at the termination of the case, and, being a penalty, it may be considered in arriving at the jurisdictional amount in controversy in the case.

The motion to remand will therefore be denied.