## ORLANDO CANDY CO. v. NEW HAMP- SHIRE FIRE INS. CO. OF MANCHESTER.

### No. 3222.

District Court, S. D. Florida.

July 10, 1931.

Frank J. Heintz, of Jacksonville, Fla., for the motion.

Cockrell & Cockrell, of Jacksonville, Fla., opposed.

STRUM, District Judge.

In an action at law upon a fire insurance policy, instituted in the state court and removed to this court, plaintiff moves to amend its declaration so as to properly claim attorney's fees pursuant to section 6220, Comp. Gen. Laws Fla. 1927. Defendant objects upon the ground that under the terms of the Florida statute such attorney's fees are not recoverable when judgment is rendered in a federal court.

The question presented is purely one of statutory construction, it having been held heretofore that the statute violates neither the due process nor the equal protection clause of the Constitution. Hartford Fire Ins. Co. v. Wilson & T. Fert Co. (C. C. A.) 4 F. (2d) 835; Tillis v. Liverpool, etc., Ins. Co., 46 Fla. 268, 35 So. 171, 110 Am. St. Rep. 89; U. S. Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613.

The statute provides in effect that upon the rendition of a judgment or decree "by any of the courts of this State" against any insurer and in favor of the beneficiary under any policy or contract of insurance, there shall be adjudged or decreed against such insurer and in favor of the beneficiary a reasonable sum as fees or compensation for the beneficiary's attorneys prosecuting the suit in which the recovery is had. Section 6220, Comp. Gen. Laws Fla. 1927.

Defendant's contention is that the statute by its terms is limited to judgments or decrees rendered "by any of the courts of this state," that is, the state of Florida; and that the statute, therefore, is inapplicable to judgments rendered by federal courts.

No case has been cited specifically construing the phrase above quoted in a statute of this character. Substantially the same phrase has been construed by the Supreme Court (David Lupton's Sons Co. v. Automobile Club, 225 U. S. 489, 32 S. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699) and by the Court of Appeals of the Fifth Circuit (Industrial Finance Corp. v. Community

Finance Corp., 294 F. 870), as found in statutes relating to foreign corporations, and providing in effect that no action shall be maintained "in the courts of the state" by any foreign corporation as plaintiff until such corporation shall have qualified itself to do business in that state pursuant to the statutes of such state. In the cases last cited it was held that such a statute was inapplicable to actions in federal courts. That is necessarily true. Obviously, it is beyond the power of a state Legislature to impose an added condition or limitation upon the exercise by the federal courts of the powers committed to them by federal statutes, nor to impose upon suitors in those courts an added qualification not prescribed by federal statute.

█ The statute here under consideration, however, is of a vitally different character. The statute imposes a liability for judicially determined delinquency on the part of an insurer in the payment of its obligation. U. S. Fire Ins. Co. v. Dickerson, supra. A corresponding right of recovery necessarily arises in favor of the beneficiary. The right thus created in favor of the beneficiary is a substantive right, and a remedy for its enforcement in the state courts is clearly provided. The question here is whether or not the statutory liability and the corresponding right in the beneficiary may be enforced in a court of the United States.

By executing the policy, the insurance company assumes the statutory liability and acquiesces in the corresponding right created in the beneficiary. The statute in effect becomes a part of the contract, because the parties contract subject to the terms of the statute. The liability imposed by the statute upon the insurer is in effect an incident of the insurer's wrongful refusal to pay, not a mere procedural incident to the entry of the judgment.

In imposing the statutory liability, from which flows the substantive right under consideration, the Florida Legislature used the most comprehensive and expansive language it could, with propriety, employ. It would have added nothing to the effect of the statute had the Legislature added after the phrase in question "or by any court of the United States." Such a provision would have been incongruous.

The parties having contracted with reference to the statute, the substantive right clearly exists in a prevailing plaintiff to recover reasonable attorney's fees, and the remedy for the enforcement of that right in the state courts is beyond question. Whether or not a remedy exists in the courts of the United States for the enforcement of such right ought not to depend upon any undue refinement of language, nor upon tenuous distinctions which may be drawn between a right created and the remedy given. It is clearly the policy of the state of Florida, legislatively declared, that a prevailing plaintiff shall recover reasonable attorney's fees in these cases. That policy has been made effective by making the inclusion of such fee mandatory in judgments rendered in the state courts in these cases. As was said by the Supreme Court in Sioux County, Neb., v. National Surety Co., 276 U. S. 238, 48 S. Ct. 239, 241, 72 L. Ed. 547, speaking upon a situation closely analogous to the one here under consideration: "It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts."

There may be instances in which, when an action is removed from state to federal courts, certain remedies may be lost because of inhibitory statutes existing in the federal jurisdiction. But that is not the situation here. Here we have a statutory liability resulting in a substantive right, and a remedy for its enforcement in the state courts clearly provided. The state Legislature could do no more. Why should not that liability and corresponding right follow the parties into this court, in the absence of an inhibitory statute, or rule of practice in this jurisdiction, of which there are none. To hold that such recovery could not be had in this jurisdiction would be to exalt the form of the statute over its substance, thus defeating the clear legislative intent. There is no indication that the phrase in question was used in a restrictive or limiting sense. Per contra, it appears to have been the legislative intent to make the provision as broad as possible.

█ Counsel for the defendant contends that sections 823 and 824, Rev. St. (28 USCA §§ 571, 572), are federal legislation within this field, occupying the entire field to the exclusion of the state statute. The federal statutes last cited, however, relate to docket fees or costs in the conventional sense of those terms, while the attorney's fees provided by the Florida statute under consideration are not costs in any sense, but constitute a statutory liability against a delinquent insurer. There is no conflict between the statutes mentioned. The Supreme Court has so held in construing a similar Nebraska statute, although it was provided in the Nebraska statute that such attorney's fees should be

"taxed as part of the costs." Sioux County, Neb., v. National Surety Co. supra. See also Business Men's Assurance Co. v. Campbell (C. C. A.) 18 F.(2d) 223; New York Underwriters' Fire Ins. Co. v. Malham & Co. (C. C. A.) 25 F.(2d) 415, 422.

In Conner v. Connecticut Fire Ins. Co., 292 F. 767, it was held by this court, speaking through Judge Call, that the attorney's fees claimed by a plaintiff in a suit of this nature could be considered in determining the jurisdictional amount in controversy, and that such fees were not merely costs. As against the conclusiveness of that decision upon the question now under consideration, it is urged that while in the Conner Case the amount of the attorney's fees was an amount claimed in good faith so as to be considered for the purpose of determining the jurisdictional amount there in controversy, that nevertheless the validity of such claim was not thereby established, and such claim for fees might later have been disallowed at the trial upon the grounds now urged against the allowance thereof. If, however, as defendant contends, these attorney's fees are not recoverable in any event in federal courts, the claim therefor should be—and no doubt in the Conner Case, supra, would have been—rejected in determining the jurisdictional amount in controversy.

It is held that such fees may be recovered in this court if the facts warrant it.

Motion granted.