GEORGE H. CLARK, SR., Appellee, v. IDA COUNTY, Appellant.

No. 46087.

FEBRUARY 9, 1943.

Ray G. Walter, of Ida Grove, for appellant.

Clark & Clark and Bruce R. Clark, all of Ida Grove, for appellee.

SMITH, J.— Plaintiff is a practicing attorney in defendant county. He was appointed by the district court of that county to represent a defendant under indictment for homicide. (Sections 13773, 13774, 13775, Code, 1939.) The present action is for the recovery of fees for services thereafter rendered by him in the supreme court pursuant to said appointment.

No question is raised here as to the performance of the service or its value. It is not necessary to review the evidence as no issue of fact is involved although fifty pages of abstract are devoted to setting out the testimony. Nor is it necessary to refer to the requests for instructions or to those instructions actually given, except in the respect hereinafter referred to.

Upon the trial the district court instructed that the burden was upon plaintiff to prove that he had not received and was not to receive compensation from any source except from the county. Later the court granted a new trial "because of the error in placing an undue burden upon the plaintiff." Defendant appeals from this decision.

I. As we view it, the principal question for decision here may be briefly stated: Was the burden of proof on appellee to establish that he had not received and was not to receive compensation from any source except from the county treasury? Or was it on appellant county to plead and prove the contrary as an affirmative defense?

Section 13774, Code, 1939 (same as in Code of 1935), provides for the appointment by the court, in a proper case, of an attorney to defend a person charged with homicide. It provides a scheme of compensation. Section 13775 is as follows:

"To be entitled to such compensation, the attorney must file with the court his affidavit that he has not directly or indirectly received, or entered into a contract to receive, any compensation for such services from any source."

Appellant claims this statute placed upon appellee the burden of proving that appellee had not received, and was not to receive, compensation "from any source."

The statute does not so state. It requires that he file the affidavit to that effect as a condition precedent to collection of

compensation. See Ryce v. Mitchell County, 65 Iowa 447, 21 N. W. 771. No doubt he had the burden of proving the filing of the affidavit, but it does not follow that upon trial of his action for compensation he had also the burden of proving the truth of the matter stated in the affidavit.

Appellant concedes in argument that there is no Iowa case on the subject, and we have found none. It appears to be a case of first impression.

It seems to us that if it is to be contended that an attorney, notwithstanding his affidavit, has in fact received or is to receive compensation from some other source, that fact would constitute an affirmative defense which would have to be pleaded and proven. He complies with the statute when he files the affidavit. If the affidavit is untrue, there are no doubt penalties which may be incurred by him in making it. It is probable that one of the penalties would be his inability to collect compensation. That seems to have been assumed by both parties in the trial of this case.

The requirement of the affidavit as a condition precedent for collection of compensation has some analogy to other requirements of our statute for filing of affidavit as prerequisite to taxation of attorney's fees as costs in certain kinds of actions. We have never heard it contended that in such cases any burden of proof was upon the plaintiff or his attorney to prove that there was in fact no contract for division of fees. The filing of the affidavit in such cases has always been considered merely a condition precedent to be performed by the attorney before his fee would be allowed. See Spiesberger Bros. v. Thomas, 59 Iowa 606, 608, 13 N. W. 745, and Temple Lbr. Co. v. Lattner, 211 Iowa 465, 233 N. W. 522.

There is also an analogy between the question involved here and the defense of payment. Under our practice, payment is an affirmative defense which must be expressly pleaded and proven. We believe that it is the proper construction of the statute as bearing upon this case.

Our conclusion is that there was no error in the decision granting a new trial. The burden was on appellee to plead and prove the filing of the affidavit. This he did. If in fact,

notwithstanding his affidavit to the contrary, he did receive or have a contract to receive compensation from some other source, that would constitute at most an affirmative defense to be pleaded and proven by appellant.

■ II. One other question is argued by appellant county: it claims the trial court erroneously held sufficient the affidavit and amendment thereto filed by appellee *before the services were performed.*

The point was first raised by appellant by demurrer to the petition. The demurrer was overruled. The county pleaded over by answer in which, by division II, the same proposition was pleaded. The trial court on motion struck out this division of the answer. We do not find anything in the statute quoted above which states when the affidavit is to be filed. The services for which compensation is sought were rendered in the supreme court. We have held that the affidavit required by Code section 13775 is to be filed in the court making the appointment of the attorney. See State v. Behrens, 109 Iowa 58, 79 N. W. 387. No time is mentioned but it is to be inferred that the affidavit must be filed before compensation would be allowed. After the criminal case went to the supreme court there would be no opportunity to file the affidavit in the court below which made the appointment. It had to be filed in the court below before the attorney was entitled to compensation for his services in the lower court. We see no reason for holding that a new affidavit would have to be filed after the services were rendered in this court or that failure so to file constitutes any bar to the collection of compensation.

It appears that some time after the abstract was filed appellee filed a motion to dismiss the appeal upon the ground that appellant had failed to file in the office of the clerk of the district court the shorthand reporter's translation of his report of the trial as required by Code section 12850.1.

Resistance to this motion was filed by appellant. The motion was ordered submitted with the case. In view of our conclusion on the merits of the appeal it is not now necessary to pass on this motion.

For the reasons heretofore stated, the decision of the trial court is affirmed.—Affirmed.

GARFIELD, C. J., and WENNERSTRUM, OLIVER, BLISS, HALE, MILLER, and MULRONEY, JJ., concur.