## MANITOWOC MALTING CO. v. FEUCHTWANGER et al.

(District Court, E. D. Wisconsin. May 29, 1912.)

COURTS (§ 356*)—PROCEDURE IN FEDERAL COURTS—STATE LAWS—CONFORMITY STATUTE.

The federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), requiring the practice, pleadings, forms, and modes of proceeding in civil actions at law in the federal courts to conform as near as may be to those existing at the time in like causes in the courts of the state, does not apply to all matters of detail, the power to regulate which every court is presumed inherently to possess, and does not make it obligatory on a federal court in Wisconsin to strictly follow St. Wis. 1898, § 3072, requiring a cause which has been reversed and remanded by the Supreme Court to be dismissed unless proceedings are taken therein within one year.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

At Law. Action by the Manitowoc Malting Company against Joseph Feuchtwanger and others. On motion by defendant to dismiss    Motion overruled.

See, also, 169 Fed. 983.

Nash & Nash, of Manitowoc, Wis., and Eli B. Felsenthal, of Chicago, for plaintiff.

Hougen & Brady, of Manitowoc, Wis., for defendants.

GEIGER, District Judge. On May 26, 1909, the plaintiff recovered a judgment in this court in the sum of $21,664.54 on the first cause of action, and the further sum of $2,545.87 upon the second and third causes of action set forth in the complaint, and for costs. Such judgment, being taken to the Court of Appeals, was on April 11, 1911, reversed by that court, with directions to grant a new trial upon the first cause of action, and to enter judgment in favor of the plaintiff and against the defendant upon the second and third causes of action pursuant to the verdict. On May 4, 1911, the Court of Appeals, on application made, changed the mandate; the first opinion having ordered merely a new trial with permission to the plaintiffs in error to amend the answer. Such mandate of the Appellate Court was received and filed in the trial court on August 30, 1911.

On September 23, 1911, defendants served upon plaintiff a proposed amended answer with notice of application for leave to file the same, which motion being heard was granted on October 16, 1911. Shortly prior to the opening of the October, 1911, term of this court, a notice of trial was served, but not filed until November 13, 1911,

and it appears that neither party at the opening of the October term moved for any disposition of the case. On November 28, 1911, the parties stipulated that the cause be placed upon the calendar pursuant to notice of trial which was served but not filed, as stated. Such stipulation was filed December 21, 1911.

The January term of this court was not formally convened by the calling of a jury, nor the calendar; the position of District Judge being then vacant. But on April 15, 1912, the civil cases which were deemed to be on the calendar to be tried by a jury were called, and all continued to the October, 1912, term. No steps were taken by either of the parties to this case to bring it to trial.

The defendants have now made a motion to dismiss the action, claiming that as now situated it comes within the provisions of section 3072 of the Statutes of Wisconsin, which reads as follows:

"Sec. 3072. In every case in error or on appeal in which the Supreme Court shall order a new trial or further proceedings in the court below, the record shall be transmitted to such court and proceedings had thereon within one year from the date of such order in the Supreme Court, or in default thereof the action shall be dismissed, unless, upon good cause shown, the court shall otherwise order. It shall be the duty of the losing party in any action or proceeding when a judgment or order in his favor in the court below is reversed by the Supreme Court on the appeal of the opposing party to pay the clerk's fees on such reversal. procure the record in said cause to be remitted to the trial court and bring the cause to trial within one year after such reversal, unless the case be continued for cause, and if he fail so to do, his action shall be dismissed."

It is contended that under section 914, United States Revised Statutes (U. S. Comp. St. 1901, p. 684)—being the so-called conformity act—this court must accept and enforce the provisions of the Wisconsin statute, and in view of the construction placed thereon by the Supreme Court of Wisconsin, no exercise of discretion is possible. The plaintiff, on the contrary, claims that the provisions of the statute are wholly inapplicable, and in any event the terms of the conformity act do not absolutely require the adoption of the statute where it is in contravention of other rules of procedure in the federal courts. In this connection attention is called to rule 39 of this court regulating the disposition of causes which have been pending three stated terms or more; but plaintiff's principal contention is that the Wisconsin statute cannot be applicable because the classification of cases found therein depends upon rules and circumstances of appellate procedure not found in federal courts. The statute in question by its very terms refers to cases "in error or on appeal in which the Supreme Court shall order a new trial," etc., and requires that in such cases "the record shall be transmitted to such court and proceedings had thereon within one year from the date of such order in the Supreme Court." Clearly this portion of the statute relates to matters in the appellate court—at least so far as it is ever necessary to take a step in an appellate court to obtain the result indicated. It may be conceded that perhaps the dominant purpose of the statute is to expedite new trials in cases where there has been a reversal by the appellate court. But it cannot be said that the withdrawal of the case from the appellate court, and the termination of its jurisdiction so far as it is dependent

upon the presence of the record in that court, was not also one of the important purposes sought to be accomplished by the act. However that may be, the cases to which the act applies are designated by reference to their previous situation in appellate procedure, and in order to make the act applicable to this court, it would be necessary to eliminate therefrom the provisions referring to appellate state procedure, and in substance incorporate therein the provisions applicable to appeals in United States courts. Some of these provisions, particularly with reference to the record, the mandate, and the payment of costs or clerk's fees, are now covered by explicit rules, which are inconsistent with the situation disclosed in the Wisconsin statute.

It would serve no useful purpose to exhaustively refer to the cases which have dealt with the scope of the R. S. U. S. § 914. It will suffice for the purposes of this motion to accept the act as leaving to the federal court "some degree of discretion in conforming entirely to the state procedure" and to reject, "as Congress doubtless expected," any subordinate provisions in such state statutes as would unwisely incumber the administration of the law and tend to defeat the ends of justice. Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 300, 23 L. Ed. 898; Mexican Central Railway v. Pinkney, 149 U. S. 207, 13 Sup. Ct. 859, 37 L. Ed. 699.

I think counsel for the plaintiff are right in their claim that the main purpose of the conformity act was to harmonize, as nearly as may be, the manner and form in which parties should present their claims and defense in the preparation of the trial of cases in the federal courts, to those prevailing in the state courts, and that it was not the intention to require the federal courts to conform to state courts in all matters of detail respecting practice and procedure, at least as to such details the power to regulate which every court is presumed inherently to possess and exercise as from time to time the ends of justice may require. Such are the details respecting matters of continuance, intermediate motions, new trials, and other incidental powers respecting the control of the parties, or the situation of the case in the court. It would seem to me that the rules of the court, such as rule 39, must be deemed to be effective for all purposes, and cannot be said to be operative only in cases where they do not conflict with the state statutes. They must be presumed, when promulgated, to be beyond any situation referred to in the conformity act, and to have been made with the design that the matters covered by the rule do not and should not come within the purview of such act.

It follows that the motion to dismiss the case be denied.