PETER O'SHEA, APPELLEE, V. NORTH AMERICAN HOTEL COMPANY: AMERICAN SURETY COMPANY, APPELLANT.

FILED FEBRUARY 13, 1924. No. 23716.

1. **Insurance:** ATTORNEY'S FEES. Under sections 7810, 7811, Comp. St. 1922, in an action upon a policy of insurance of the character described therein, a district court, or an appellate court, upon appeal, when judgment is rendered against an insurance company, is authorized to allow the plaintiff and to tax as costs against such defendant a reasonable sum as an attorney's fee.

2. ——: ——. When, on appeal by the company, a judgment against an insurance company is wholly reversed, no attorney's fee may be allowed to the attorney for appellee for services in the supreme court.

3. ——: ——: POWER OF DISTRICT COURT. A district court is not authorized to make an allowance for attorney's fees in the supreme court to be taxed as costs.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Affirmed on condition.*

*Montgomery, Hall & Young,* for appellant.

*Brogan, Ellick & Raymond,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge.

LETTON, J.

This is a controversy over the amount of an allowance of attorney's fees against defendant, the American Surety

O'Shea v. North American Hotel Co.

Company, made to the attorneys for plaintiff. The facts and the issues involved in the main case are fully set forth in *O'Shea v. North American Hotel Co.*, 109 Neb. 317, to which reference is made.

The original petition was based upon the theory that plaintiff was entitled to recover from defendant a bonus of $5,000, which he had paid the hotel company, and the market value of three lots which had been donated to it, in consideration for building a hotel in Scottsbluff, which was not completed. The surety company set up a number of defenses not common to both defendants. At the first trial the defendants convinced the court that the theory as to the measure of damages, upon which the petition was framed, was incorrect, and that the recovery, if any, should be based upon loss of profits on the sale of real estate in the vicinity. Plaintiff amended the petition to conform to this ruling of the trial court. A number of motions and demurrers were filed and considered by the trial court. The case was tried upon the issues raised by the amended petition and answers thereto, and a large volume of evidence was produced. Judgment was rendered against both defendants. An appeal was taken to this court, and exhaustive briefs were filed. The judgment of the district court was reversed, the court holding, in substance, that the true measure of damages was the value of the lots given by the plaintiff to the hotel company, and the amount of the bonus, with interest. The record then did not show who was responsible for the change in theory. The cause was again tried in the district court and plaintiff recovered a judgment of $13,206.22 against each defendant. A motion for the allowance of attorney's fees to plaintiff's attorneys was made, and from an allowance of $3,406.22 as attorney's fees to plaintiff's attorneys this appeal has been taken.

Specific findings were made by the district court as to the value of the services, at different stages of the litigation. The first finding is that the value of the services up to the end of the partial trial, in 1920, was $500; that the services at the second trial were of the reasonable value of $1,000;

that the value of the services performed in the supreme court of Nebraska upon the appeal was $600; and that the value of the services from the date of the issuance of the mandate of the supreme court to the rendition of the final judgment and overruling of the motion for a new trial, was $1,306.22. It will be observed that the latter allowance is exactly 10 per cent. of the amount of the judgment. These estimates of value were based upon the testimony of two members of the firm of attorneys applying for the allowance, who valued the services at $6,000, and on the testimony of a member of the firm of attorneys who defended the case for the appellant, who testified that the reasonable value of the services was $1,000.

It is difficult to determine from the record just how far the services performed were necessary as against the surety company alone, disassociated with the defense made by the hotel company. During a part of the litigation the same counsel acted for both defendants, and there was a community of interest during the whole proceedings, since, in order to recover against the surety company, default and damages had to be proved against the hotel company, and a successful defense by the hotel company would relieve the surety company.

The allowance made in the district court for the services of counsel in this court must be disallowed. The supreme court alone has power to make an allowance for the value of services on appeal. Moreover, since the surety company succeeded in reversing the former judgment, there is no authority in the statute, sections 7810, 7811, Comp. St. 1922, for the allowance of attorney's fees in this court. *Chicago & N. W. R. Co. v. Nye-Schneider-Fowler Co.*, 260 U. S. 35. Deducting the $600 allowed for services in this court, the allowance made for services in the district court is $2,806.22. This is about 21 per cent. of the amount of the judgment.

Considering the large number of motions, demurrers and other pleadings filed, the vigorous defense made, the nature of the litigation, the importance of the questions presented, and also considering the fact that the trial court must be

considered to be more familiar with the standard of compensation for legal services in the forum in which the services were rendered, than this court, we do not feel justified in holding that the ruling of the trial court as to the value of services in the district court was excessive or unreasonable. Nor in the face of such a finding can we assent to the claim of appellee that we should consider the whole sum allowed as a proper recompense for services in the district court alone.

The judgment of the district court is reversed unless a remittitur of the sum of $600 as of the date of the final allowance be made within 20 days. If this is done, the judgment, as so modified will stand.

AFFIRMED ON CONDITION.