## PEOPLE OF SIOUX COUNTY, NEBRASKA, *v.* NATIONAL SURETY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 196.   Argued January 19, 1928.—Decided February 20, 1928.

1. The liability of the surety on a bond given by a bank to secure deposits of county funds in Nebraska is not limited by § 6193, Comp. Stats. Nebraska, 1922, forbidding any county treasurer to have such funds on deposit in any bank in excess of 50% of its paid up capital stock, but extends to deposits made in violation of the statute, unless otherwise provided in the bond itself.   P. 240.
2. Construction of a state statute by the highest court of the State accepted by this court, though made subsequently to the decision here under review.   P. 240.
3. The attorney's fees which are directed by § 7811, Nebraska Comp. Stats., 1922, to be allowed and "taxed as part of the costs," in actions on guaranty and other specified insurance contracts, are not costs in the ordinary sense and are not taxable as costs under Rev. Stats. §§ 823, 824, in actions in federal courts, but are to be allowed in those courts by inclusion in their judgments.   P. 242.
4. For the purpose of fixing a reasonable attorney's fee under the statute, regard should be had to the amount substantially involved in the action.   P. 244.

16 F. (2d) 688, reversed.

CERTIORARI, 274 U. S. 729, to a judgment of the Circuit Court of Appeals which reversed in part a judgment of

the District Court against the above named surety company for the full amount of a bond given to secure deposits of county funds in a bank, later insolvent, and for an attorney's fee.

*Mr. Charles S. Lobingier,* with whom *Mr. Edwin D. Crites* was on the brief, for petitioner.

*Mr. Edwin G. Davis,* with whom *Messrs. Andrew M. Morrisey, Rush C. Clarke, James G. Mothersead,* and *R. T. York* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The respondent, a surety company, as surety, and the First National Bank of Harrison, Nebraska, a designated depository for county funds, as principal, gave their bond to Sioux County, Nebraska, the petitioner, in the sum of $30,000. The bond, required by statute, was conditioned on the payment by the bank, on the order of the county treasurer, of all sums of money deposited with it by the county. The bank became insolvent and closed its doors when the county deposits amounted to $35,395.70. The present suit was brought in the district court of Sioux County, Nebraska, to recover from the surety the amount of the bond and a reasonable attorney's fee, under Neb. Comp. Stat. (1922) § 7811, and was removed to the United States district court for diversity of citizenship.

The authorized capital of the bank was $50,000, and the defense relied upon by the surety was a provision of Neb. Comp. Stat. (1922) § 6193, which forbade the deposit of county funds by county treasurers in excess of fifty per cent. of the authorized capital of the depository. The district court gave judgment for the full amount of the bond and for an attorney's fee of $3,000. The Court of Appeals for the eighth circuit reversed the judgment, disallowing the attorney's fee and any recovery on the bond

in excess of $25,000, which was one-half of the authorized capital of the bank. *National Surety Co.* v. *Lyons,* 16 Fed. (2d) 688. This Court granted certiorari. 274 U. S. 729.

The Court of Appeals took the view that the Nebraska statute, printed in the margin,[1] as construed by the Supreme Court of Nebraska, operated to limit the liability on the statutory surety bond to one-half of the authorized capital of the depository. *Cole* v. *Myers,* 100 Neb. 480; *Blaco* v. *State,* 58 Neb. 557; *In re State Treasurer's Settlement,* 51 Neb. 116; *State ex rel. Davis* v. *People's State Bank of Anselmo,* 111 Neb. 126.

The correctness of this interpretation of the Nebraska decisions is questioned here, but all doubts on that point have been set at rest by a later decision of the state court. In *Scotts Bluff County* v. *First Nat. Bank,* 115 Neb. 273, decided since the entry of judgment. below, the Supreme Court of Nebraska held that the statute does not have the effect asserted, and that within the amount of the bond a county may recover from the surety the full amount of the deposit even though it exceed fifty per cent of the authorized capital of the depository.

We accept this construction of the statute and accordingly set aside the conflicting interpretation of the court below, even though it antedated the determination by the state court. *Hines Yellow Pine Trustees* v. *Martin,* 268 U. S. 458; *Bauserman* v. *Blunt,* 147 U. S. 647. If, as the state court held, the statute is to be construed as not

---

[1] Neb. Comp. Stat. (1922) § 6193, " . . . The treasurer shall not have on deposit in any bank at any time more than the maximum amount of the bond given by said bank in cases where the bank gives a guaranty bond, nor in any bank giving a personal bond more than one-half of the amount of the bond of such bank, and the amount so on deposit at any time with any such bank shall not in either case exceed fifty per cent. of the paid up capital stock of such bank. . . ."

affecting the obligation of the surety, we think it plain that the liability on the bond, *qua* contract, is not affected by the county treasurer's breach of duty. The bond contains no limitation of the amount which the treasurer may deposit. The district court was therefore right in allowing a recovery of the full amount of the bond.

In striking down so much of the judgment as allowed an attorney's fee the court below was persuaded that § 7811, which provides for an attorney's fee, authorized it only as costs to be taxed in the state court. As costs in the federal courts are regulated exclusively by R. S. §§ 823 and 824, the court concluded that other costs, authorized only by a state statute, could not be included in the judgment. *See United States* v. *Sanborn,* 135 U. S. 271, 282; *The Baltimore,* 8 Wall. 377, 388, *et seq.;* compare *Ex parte Peterson,* 253 U. S. 300, 314–319.

Both in an earlier case, *Globe Indemnity Co.* v. *Sulpho-Saline Bath Co.,* 299 Fed. 219, certiorari denied 266 U. S. 606; see also *Spring Garden Insurance Co.* v. *Amusement Syndicate Co.,* 178 Fed. 519, and in a later case, *Business Men's Assurance Co.* v. *Campbell,* 18 Fed. (2d) 223, the same court applied the Nebraska statute allowing the recovery of attorneys' fees in suits upon insurance policies. When it was argued that no other costs can be taxed in a court of the United States than those authorized by federal statute, the Court of Appeals said in the latter case (p. 224) that the objection " applies only to ordinary costs, and not to allowances for attorneys' services provided by state statutes."

State statutes allowing the recovery of attorneys' fees in special classes of actions have been upheld as constitutional by this Court, *Farmers' & Merchants' Insurance Co.* v. *Dobney,* 189 U. S. 301; *Missouri, Kansas & Texas Ry.* v. *Harris,* 234 U. S. 412; *Chicago & Northwestern Ry.* v. *Nye Schneider Fowler Co.,* 260 U. S. 35; *Fidelity Mutual*

*Life Ass'n* v. *Mettler,* 185 U. S. 308, and they have been given effect in suits brought in the federal courts. *Fidelity Mutual Life Ass'n* v. *Mettler, supra; Iowa Life Insurance Co.* v. *Lewis,* 187 U. S. 335; *Home Life Insurance Co.* v. *Fisher,* 188 U. S. 726; *Hartford Fire Insurance Co.* v. *Wilson & Toomer Fertilizer Co.,* 4 Fed. (2d) 835, certiorari denied 268 U. S. 704.

In these cases the local statutes were in effect treated as creating a statutory liability in which insurers, by accepting risks after their enactment, had acquiesced, and for the liability thus assumed a remedy was available in the federal as well as in the state courts. *Fidelity Mutual Life Ass'n* v. *Mettler, supra,* at 326.

The present statute, printed in the margin,[2] provides that in the cases specified the court " shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery, to be taxed as a part of the costs." The direction that the added liability be included in the judgment as costs does no more in substance than the provision upheld and applied in the *Mettler* case, that the insurance company " shall be liable to pay . . . all reasonable attorney's fees " or the provision upheld and applied in *Home Life Insurance Co.* v. *Fisher, supra,* that the attorneys' fees should be added to the judgment.

Such doubt as there may be as to the meaning and effect of the statute arises from certain decisions of the Supreme

[2] Neb. Comp. Stat. (1922) § 7811. " In all cases where the beneficiary, or other person entitled thereto, brings an action at law upon any policy of life, accident, liability, sickness, guaranty, fidelity or other insurance of a similar nature, or upon any certificate issued by a fraternal beneficiary association, against any company, person or association doing business in this state, the court, upon rendering judgment against such company, person or association, shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his recovery, to be taxed as part of the costs, and if such cause is appealed the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings."

Court of Nebraska enforcing it in suits upon insurance contracts entered into before its enactment, in which the statute, attacked as impairing the obligation of the contract, was characterized as " remedial " or as a " costs " statute. *Nye-Schneider-Fowler Co.* v. *Bridges, Hoye & Co.,* 98 Neb. 27; *id.,* 863; *Ward* v. *Bankers Life Co.,* 99 Neb. 812; *Reed* v. *American Bonding Co.,* 102 Neb. 113. In *Nye-Schneider-Fowler Co.* v. *Bridges, Hoye & Co., supra,* the Supreme Court of Nebraska said (p. 867):

" If the question that we are considering was now presented for the first time, we would hesitate to say that this statute does not create and add to the contract a legal liability which would not exist under the contract prior to the enactment of this statute. The fact that the attorney's fee is to be taxed as costs in the case is not of itself decisive of the question."

But the question before the Nebraska court in the cases cited was not that with which we are now concerned. Whether this liability for an attorney's fee, assumed by entering into an insurance contract after the enactment of the statute providing for the liability, may be enforced in the federal courts does not depend on any nice distinctions which may be taken between the right created and the remedy given. Disregarding mere matters of form it is clear that it is the policy of the state to allow plaintiffs to recover an attorney's fee in certain cases, and it has made that policy effective by making the allowance of the fee mandatory on its courts in those cases. It would be at least anomalous if this policy could be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts.

That the statute directs the allowance, which is made to plaintiff, to be added to the judgment as costs are added does not make it costs in the ordinary sense of the traditional, arbitrary and small fees of court officers, attorneys'

docket fees and the like, allowed to counsel by R. S. §§ 823, 824.

The present allowance, since it is not costs in the ordinary sense, is not within the field of costs legislation covered by R. S. §§ 823, 824. That the particular mode of enforcing the right provided by the state statute—i. e., by taxing the allowance as costs—is not available to the federal courts under R. S. §§ 823, 824 does not preclude the recovery. Since the right exists the federal courts may follow their own appropriate procedure for its enforcement by including the amount of the fee in the judgment. R. S. § 914. Compare *Mexican Central Ry.* v. *Pinkney,* 149 U. S. 194; *Indianapolis & St. Louis R. R.* v. *Horst,* 93 U. S. 291; *Manitowoc Malting Co.* v. *Feuchtwanger,* 196 Fed. 506; *Boatmen's Bank* v. *Trower Bros. Co.,* 181 Fed. 804.

It is said that the fee customarily allowed in Nebraska is not less than 10% of the amount involved, *O'Shea* v. *North American Hotel Co.,* 111 Neb. 582; *Wirtele* v. *Grand Lodge,* 111 Neb. 302; *Central Nebraska Millwork Co.* v. *Olson & Johnson Co.,* 111 Neb. 396, and that as directed by the statute an additional fee should be allowed here for the appeal in the Court of Appeals and to this Court. The district court, in allowing $3,000 apparently assumed that the full amount of the bond, $30,000, was involved. In a technical sense this was true, since the defendant, by its pleading put in issue the right to recover the whole amount. But in point of substance the only defense was directed to the $5,000 by which the amount of the bond exceeded one-half the bank's authorized capital. For the purpose of fixing a reasonable sum, regard should be had for the amount substantially involved. For that reason we think that the fee to be allowed in all courts should not exceed $2,000. The judgment of the Circuit Court of Appeals will be reversed and the cause

remanded with directions to reinstate so much of the district court's judgment as awarded to petitioner the amount of the bond with interest, aggregating $33,492.50; interest on that amount at the rate of 7% will be allowed from September 22, 1925, the date of the district court's judgment; and the sum of $2,000 without interest will be allowed as an attorney's fee.

*Reversed.*