## FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK et al. v. CORTEZ CIGAR CO.

No. 8553.

Circuit Court of Appeals, Fifth Circuit.
Nov. 15, 1937.

Dan MacDougald and Harllee Branch, Jr., both of Atlanta, Ga., and Anton P. Wright, of Savannah, Ga., for appellants.

A. R. Lawton, Jr., of Savannah, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees brought these suits in a Georgia state court on policies of insurance written in Florida on Florida property. Each suit, alleging total loss of the property insured, was for the full amount of the policy. In each suit the claim was that the laws of Florida governed the contract of insurance; that by these laws it is provided in substance: (a) That the insurable value of the building is to be fixed by the agent and written in the policy; (b) that the insurer shall be estopped from denying that the property insured was worth the value thus fixed by the agent; that in case of total loss the whole amount mentioned in the policy upon which the insured paid premiums shall be paid; that a reasonable sum shall be ascertained and fixed as attorney's fees; and that, the property having been totally destroyed, plaintiff was entitled in each suit to recover the face of the policy, and reasonable attorney's fees.

Removed by the defendants to the federal court, the suits were there consolidated. Demurrers that the suits, being on valued policies, and therefore in effect on wagering contracts, were void and unenforceable because contrary to good morals and the public policy of Georgia, and that in any event attorneys fees were not recoverable, were made and overruled. Tried to a jury on the issue tendered by the answer, that the fire occurred during the existence of a vacancy, and as the result of a breach of a condition of the insurance "that the premises should be kept properly closed and secured to prevent trespassing, or the entrance of unauthorized persons during the term of the vacancy or unoccupancy," and defendants' motion for an instructed verdict overruled, there was a verdict for plaintiff. This appeal is from the judgment on that verdict.

Eight specifications of error bring up the four points appellant relies on for reversal: (1) That the suits should have been dismissed on demurrer, because, suits on valued policies under Florida laws, they were not maintainable in Georgia because in violation of its public policy; (2) the claim for attorneys fees should have been stricken on demurrer as not enforceable in the Federal court, (a) because the Florida statute allowing them imposes a penalty; (b) because by its terms the statute is applicable only to suits brought in Florida state courts, and (c) it is a procedural statute; (3) that plaintiff failed to prove compliance with the conditions of the vacancy permit and defendants' motion to direct a verdict should have been granted; (4) that the court erred (a) in charging the jury in effect that the vacancy permit required not unusual, but usual and reasonable efforts to keep the premises closed and locked; (b) and (c), in refusing to give in charge defendants' special requests as to the vacancy permit, that it imposed an absolute duty to keep the premises closed and secured to prevent trespassing.

In support of their position on the demurrers appellants insist that the courts of Georgia have construed the provision of the Georgia Code of 1933, § 20-504, that "a contract which is against the policy of the law," such as wagering contracts, etc., cannot be enforced, as embracing and extending to valued policy contracts, and that the contracts sued on, though Florida contracts, will therefore not be enforced in Georgia courts. In support of their demurrers on the issue of attorney's fees they rely mainly on their claim that the statute fixing attorney's fees is a procedural one, applicable and enforceable alone in the Florida courts, and not enforceable in Georgia.

In support of their contentions on the vacancy clause, they insist that the evidence admits of only one reasonable conclusion, that the premises were abandoned and the conditions of the vacancy permit were totally and entirely disregarded and violated by the owner. Their complaint against the charges given and those refused comes down to this. That the court should, on their request, have directly charged the jury in the terms of the vacancy condition without explanation or construction, and that its failure to do so, coupled with the explanation and illustrations given in the main charge, deprived the defendants of a fair presentation of the issue.

Appellee counters the contentions on the general demurrers to the maintenance of the suit, with the confident assertion that the Georgia courts have not held a contract of this kind invalid even when made in Georgia; that, if this were a Georgia contract, it would be for the federal court to say whether it was unenforceable as contrary to the public policy of the

state; that it is uniformly held in the federal courts that valued policy contracts are not wagering contracts, and not against public policy, but entirely valid; and that a federal court, sitting in Georgia, will follow these decisions rather than the dicta of the Georgia courts on which appellant relies. With even greater confidence it insists that the question here is not of refusing to enforce a Georgia contract, because not in accordance with the policy of its laws, but of enforcing in the federal court a contract perfectly valid in Florida, where it was made, and of such a nature that to refuse to enforce it in Georgia would violate the full faith and credit clause of the Constitution (art. 4, § 1).

As to the provision for attorney's fees, it insists that this is not a mere procedural provision; it is a term of the contract, written by law into it, and as such it will be enforced by the judgment of the federal court. Hartford Fire Ins. Co. v. Wilson & Toomer Co. (C.C.A.) 4 F.(2d) 835; Pacific Mutual Life Ins. Co. v. Barton (C.C.A.) 50 F.(2d) 362; Orlando Candy Co. v. New Hampshire Fire Ins. Co. (D.C.) 51 F.(2d) 392; Sioux County v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547; Associated Manufacturers Corporation v. DeJong (C.C.A.) 64 F.(2d) 64. To appellants' contention that the evidence required a verdict for defendants because of plaintiff's violation of the vacancy condition, it replies that, while the record does show that the several fires, the last of which caused the loss, were started by intruders, and that there was considerable trespassing on the premises, the evidence taken as a whole justifies the jury's conclusion ·that the condition was substantially complied with. As to the charges given and refused, of which appellants complain, appellee insists that, taken as a whole, the charge correctly submitted the vacancy issue, and that to have given appellants' charge in addition would have confused the jury, since appellants' charge, without explanation, had the effect of imposing an absolute duty to keep the premises closed, rather than the duty in good faith of exerting reasonable efforts to keep them closed. It points out that there was no concealment of the conditions, no fraud upon the company. The insurance was taken with every fact connected with the premises known to defendants. A heavy premium was paid for the vacancy and unoccupancy privilege, and the insurance company knew that plain-

tiff did not have a watchman, because it had offered a much cheaper premium rate with a watchman.

On the whole case, appellee insists that the case is a typical jury case in which the jury, under a fair charge, has resolved the issues in its favor.

■ We agree with appellee that the general demurrers were rightly overruled. It may be assumed that the Georgia courts would not enforce valued policies insuring Georgia property. That case is not before us. We think, however, that it may not be assumed that the Georgia courts would refuse to give effect in Georgia to a contract of insurance valid and enforceable in Florida, under the provisions of Florida laws. But, if we should assume that the Georgia courts would decline to enforce the contract, it is quite clear that they ought not to, and that a federal court, sitting in Georgia, would not so decline. Valued policy contracts are authorized, indeed, required, by the statutes of many of the states. They are uniformly sustained in the federal courts. Orient Co. v. Daggs, 172 U.S. 557, 565, 19 S.Ct. 281, 43 L.Ed. 552; 1 Joyce on Insurance, § 163, p. 429.

■ Georgia courts, when such a contract, valid in the state where made, is sought to be enforced in the state of Georgia, would not, in our opinion, decline to enforce it as contrary to Georgia public policy. But, if they did decline, such a declination would be contrary to the full faith and credit clause of the Constitution (art. 4, § 1), since Georgia has no such interest in the matter as would justify its refusing to enforce collection in its courts. Hartford Accident Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928; Bradford Electric Co. v. Clapper, 286 U.S. 145, 160, 52 S.Ct. 571, 576, 76 L.Ed. 1026, 82 A.L.R. 696; Milwaukee County v. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220; Loughran v. Loughran, 292 U.S. 216, 227, 54 S.Ct. 684, 688, 78 L.Ed. 1219; Citizens Nat. Bank v. Waugh (C.C.A.) 78 F.(2d) 325, 100 A.L.R. 939. Certainly the federal court would not decline to enforce it, for in the federal court defenses of public policy asserted against contracts fairly made are not lightly sustained. Black & White Taxi Co. v. Brown & Yellow Taxi Co., 276 U.S. 518, 48 S.Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426; Ireland v. Craggs (C.C.A.) 56 F.(2d) 785; Citizens Bank v.

Waugh (C.C.A.) 78 F.(2d) 325, 100 A.L.-R. 939.

■ The writer finds no more of substance in the demurrers directed to the claim for attorney's fees. It has been held in Georgia that attorney's fees fixed by statutes of another state are recoverable in Georgia. Missouri Life Ins. Co. v. Lovelace, 1 Ga.App. 446, 58 S.E. 93, and no case from Georgia is cited contrary thereto. My associates concede that the Florida statute would be enforced in the federal courts in Florida. I think the authorities cited above, especially Sioux County v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547, make it clear that the statute will be enforceable in federal courts in any state as part of the contract. But, whether so or not, it seems plain to me that the federal courts in Georgia should at least follow the laws of the state courts of Georgia, and give the statute effect. My associates, though, think the Florida statute is not enforceable in Georgia, and that the demurrer directed to the petition claiming them should have been sustained. They say:

"The Florida statute, (Compiled General Laws, § 6220) about attorney's fees requires that when a judgment is rendered for the plaintiff in any suit upon a policy of insurance 'In any of the courts of this State', a reasonable attorney's fee for the plaintiff shall be included in the judgment. This statute is plainly a procedural one limited to the courts of Florida. It will of course be applied by Federal courts in Florida, but it has no force outside of Florida in either State or Federal courts. The statute adds no incident to Florida insurance contracts. It applies to suits in Florida courts on insurance contracts made anywhere. Its policy is to discourage the contesting of policies in Florida courts, and to reimburse plaintiffs reasonably their outlays for attorney's fees when suing in Florida courts. The right to this reimbursement is not inherent in the contract, but is an incident of a Florida suit on an insurance contract made anywhere. The federal cases cited above do not touch the enforcement of this statute outside of Florida, but they all relate to the enforcement of such statutes within the State that made them. The very language of the Florida statute confines it to Florida and litigation in Florida.

"Georgia has a statute about recovering attorney's fees in Georgia in insurance litigation (Code Ga.1933, § 56-706). It applies only when the insurer defends in bad faith. It is not contended that the present defense was in bad faith, but the case is very close on its merits. The insurer might well have won before the jury. The item for attorney's fees ought to have been eliminated."

■ When it comes to the points made on the vacancy defense, it must be conceded that the rights of the matter are not so clear. We think, however, that, viewing the case as a whole, it cannot be said that there was reversible error, either in refusing to direct a verdict for defendants and to give the charges requested, or any in giving the charges of which they complain. Replete as the record is with evidences that the building was the haunt of trespassers and intruders, and that almost as fast as it would be closed it would be broken into, there is also evidence from which the jury could reasonably have found that the condition of the vacancy permit was substantially complied with by keeping the building closed until it was forcibly broken into, and by closing it on each occasion when this occurred.

We think it cannot be gainsaid that there was evidence from which the jury could have found that the vacancy condition was not substantially complied with. We think it equally true that the evidence would support the finding at which they arrived. A jury case, it would have been error for the District Judge to take it from the jury.

■ As to appellants' request to charge the issue of the vacancy condition in the very words of the condition, and appellants' complaint that this condition was frittered away by the court's construction of it, we think it sufficient to say that the policy did not provide that breach of the condition would forfeit the contract, and that a substantial compliance with it was all that was required.

We think the court gave the jury clearly to understand that, if due and reasonable precautions were taken to keep the building closed, there would be no breach, because trespassers broke in. If such precautions were not taken, there would be a breach. So advising, he instructed them that, if they found that the plaintiff had used due and reasonable diligence to keep the premises closed, they should find for plaintiff. If it had not, they should find

for defendants. We think this a substantially correct submission of the issue.

The judgment will be modified by striking out the allowance of attorney's fees, and, as modified, it is affirmed.

HUTCHESON, Circuit Judge, dissents as to the disallowance of attorney's fees.