## KELLEMS v. CALIFORNIA CIO COUNCIL et al.

### Nos. 23775–G, 23948–G.

District Court, N. D. California, S. D.

Dec. 23, 1946.

See also D.C., 68 F.Supp. 277.

Herbert W. Clark and Morrison, Hohfeld, Foerster, Shuman & Clark, all of San Francisco, Cal., for plaintiff.

Gladstein, Anderson, Resner, Sawyer & Edises, of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

These are motions in two libel actions consolidated for trial, seeking taxation as costs against the unsuccessful plaintiff of a total of $3,600 as defense counsel fees.

At the time of trial 18 defendants remained in each action, all represented by one set of counsel. During trial, each action was, by stipulation, dismissed as to 14 defendants. Judgment was thereafter ordered in favor of the remaining four defendants. All 18 defendants have now

moved this court to tax against plaintiff and in favor of each of them severally, in each action $100 as attorneys' fees. The motion is based on the California Statute relating to libel actions, reading as follows: "In case plaintiff recovers judgment, he shall be allowed as costs one hundred (100) dollars, to cover counsel fees, in addition to the other costs. In case the action is dismissed, or the defendant recover judgment, he shall be allowed one hundred (100) dollars, to cover counsel fees, in addition to the other costs, and judgment therefor shall be entered accordingly."

Act 4317, Sec. 7, Deering's California General Laws Vol. 2, p. 1533.

The plaintiff maintains the motions are improper, asserting that federal statutes and rules of procedure entirely preclude the application of the state statute. Henkel v. Chicago etc. Ry. Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386; Missouri Pac. R. Co. v. Larabee, 234 U.S. 459, 34 S.Ct. 979, 58 L.Ed. 1398.

Defendants contend that the federal courts are legally obligated to follow the California Statute; or if not so obligated, are at least invested with discretionary power to apply the state law, and that a reasoned discretion requires its application to the fullest extent.

■ I am of the opinion that federal statutes and rules of procedure do not foreclose the granting of attorneys' fees to the prevailing defendants pursuant to the state statute.

The Fee Bill of 1853, R.S. §§ 823, 824, 28 U.S.C.A. §§ 571, 572, limits allowances to attorneys and it does provide that no fees other than those therein prescribed are allowable in federal courts. However the Fee Bill has received restrictive judicial interpretations which have excluded from its inhibitory provisions court allowances of attorneys' fees incurred by a litigant in the prosecution or defense of his cause, Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; People of

Sioux County, Neb. v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547.

While the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide for the allowance of attorneys' fees in designated instances, the Rules do not purport thereby to so cover the entire subject matter of attorneys' fees in federal courts as to impliedly proscribe their allowances in instances not expressly mentioned.

This court is therefore unhampered by federal statute or rule in its consideration of the legal propriety of granting, in whole or in part, defendants' motion for counsel fees.

■ Attorneys' fees are not ordinarily allowable as costs in federal court actions at law, (Maryland Casualty Co. v. United States, 4 Cir., 108 F.2d 784) because of the settled practice, federal and state, to exclude them as such in the absence of a statute or rule specifically otherwise providing. Gold Dust Corporation v. Hoffenberg, 2 Cir., 87 F.2d 451; Bank of America, etc., Ass'n v. Moore, 18 Cal.App.2d 522, 64 P.2d 460. But here, we have a state statute including attorney's fees as part of the costs which a successful party may claim in libel actions. Absent, as here, any inhibitory federal law or rule preventing recognition of this cost statute in a libel action brought in the federal court by virtue of diversity of citizenship, its enforcement federally is impelled by the Rules of Decision Statute.[1] As well it is impelled by virtue of the long settled rule announced in Hathaway v. Roach, Fed.Cas.No.6,213, 2 Woodb. & M. 63, (and recognized as still effective subsequent to the Fee Bill of 1853, in Williams v. Sawyer Bros., Inc., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527) that it has become "The practical usage by the courts of the United States to conform to the state laws as to costs, when no express provision has been made and is in force by any act of congress in relation to any particular item, or when no general rule of court exists on this subject." Further

---

[1] "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

R.S. § 721, 28 U.S.C.A. § 725 derived from Judiciary Act of Sept. 24, 1789, c. 20, Sec. 34, 1 Stat. 92.

support of this conclusion is found in the principle announced in People of Sioux County v. National Surety Co., supra [276 U.S. 238, 48 S.Ct. 241], that the policy of the state statute allowing attorney's fees in certain cases should be effectuated by enforcing such statutes when these cases come before the federal courts because of diversity of citizenship since, "It would be at least anomalous if this policy should be thwarted and the right so plainly given destroyed by removal of the cause to the federal courts."

 I do not, however, regard the state statutory right to counsel fees as of such a nature that a mandatory obligation rests upon the federal courts by virtue of the Rules of Decisions Statute, to enforce it to its fullest extent. While it has been said that attorney's fees are not costs in the ordinary sense in which that term is applied to costs between "Party and party," (Sprague v. Ticonic Bank, supra [307 U.S. 161, 59 S.Ct. 779]) they nevertheless still constitute costs of litigation. The language of the state statute is itself fully persuasive of legislative intent to award to the prevailing party reimbursement to a limited extent of expense incurred by way of attorney's fees. Rule 54(d) of the Federal Rules of Civil Procedure vests a discretionary power in the court with respect to the allowance of costs, the exercise of which cannot be curtailed by state legislation. Missouri Pac. R. Co. v. Larabee, 234 U.S. 459, 34 S.Ct. 979, 58 L.Ed. 1398. This principle is fully recognized by the California Courts. In Sacramento Municipal Utility Dist. v. Pacific Gas & Electric Co., 20 Cal.2d 684, 128 P.2d 529, 532, the court said:

"Nor is it doubted that the matter of costs in federal courts is controlled exclusively by United States statutes or rules of the federal courts where such statutes or rules exist." The discretionary power of a federal court, since the enactment of the Rules, in the taxation of costs in civil actions has been recognized in recent cases. Harris v. Twentieth Century Fox Film Corporation, 2 Cir., 139 F.2d 571; United States v. E. J. Biggs Const. Co., 7 Cir., 116 F.2d 768; See Commentary on Rule 54(d), 5 Fed. Rules Service 841. While the state statute therefore applies, its applicability is subordinate to the discretionary power as to costs vested in the federal courts by Rule 54(d), F.R.C.P. In the exercise of a reasoned discretion, its application should extend only to and not beyond a reasonable allowance in view of existing circumstances.[2] Here, one set of counsel represented all defendants. The two actions were tried as one for all practical purposes. The number of defendants did not greatly add to the services required of counsel since the primary issue went to the truth or falsity of the alleged libelous publications. The connection of each defendant with the publications was not in serious dispute and the defenses of all were similar. The actions were dismissed at trial by stipulation as to 14 of the defendants and no terms or conditions incident to the dismissal, such as the allowance of attorneys' fees, were then requested by defendants pursuant to Rule 41(a) (2) F.R.C.P. or within the usual time fixed by the local rules of practice in this district for the claiming of costs by a successful litigant. Rule 9(c), Rules of Practice D.C.N. Dist. of Calif. Under these circumstances, a proper award, in my opinion, would be $800–$100 as to each defendant in each case in whose favor judgment was ordered or a total of $800 and such will be the order.

---

[2] Any allowance in excess of a reasonable amount would be punitive in nature. See: Vernon Lumber Corporation v. Harcen Constr. Co., D.C., 61 F.Supp. 939.