A. Philip WALKER, as father with Patria Potestas of Dixie Lee Walker, his daughter, and in his own behalf and on behalf of Lee Walker, his wife, Plaintiff,

v.

PARADISE TAXICABS, INC., and Maryland Casualty Company, Defendants.

Civ. No. 297–61.

United States District Court
D. Puerto Rico,
San Juan Division.

Jan. 31, 1962.

Harley A. Miller, San Juan, P. R., for plaintiff.

Rivera Zayas, Rivera Cestero & Rua, San Juan, P. R., for defendants.

MAGRUDER, Acting District Judge.

This amended complaint was brought by A. Philip Walker, as father with patria potestas of Dixie Lee Walker, his daughter, a minor, and also in his own behalf and on behalf of Lee Walker, his wife, against Paradise Taxicabs, Inc., a Puerto Rican corporation, and its liability insurer, Maryland Casualty Company, a Maryland corporation.

In the amended complaint the plaintiff based the jurisdiction of the court upon diversity of citizenship, claiming that he is a citizen of Arizona. The first cause of action refers to a typical taxicab accident, alleged to be due to the negligence of the driver in the employ of Paradise Taxicabs, Inc., in which Dixie Lee Walker suffered a fracture of the left distal fibula, sprain of the left

ankle, severe bruises and contusions, and mental pain and anguish, valued at $12,000. The second cause of action, which was brought by Walker in his own name and in the name of his wife, reiterated the allegations of negligence and stated that they suffered severe mental anguish as a result of the injuries received by their daughter, and have incurred hospital bills and doctors' bills and other medical expenses to a total of $2,610. The plaintiff's claim against Paradise Taxicabs, Inc., amounted to $20,610. This figure included an allowance of $6,000 which plaintiff hoped to recover as attorney's fees.

■■ The court has now before it motions to dismiss for lack of federal jurisdiction, filed by the two defendants. The only witness called by them to justify their motions to dismiss was the plaintiff, A. Philip Walker. I am satisfied that his domicile was in Arizona, as claimed. Mr. Walker impressed me as a straightforward and honest witness, who asserted that his domicile remained in Arizona, the place of his birth, despite the fact that he had occasional jobs elsewhere on assignment to him by his employer, the United States Immigration Service. Thus Mr. Walker happened to be in Puerto Rico with his family at the time of the accident in question. It is the practice of the Immigration Service to assign the plaintiff to jobs outside his State for a two-year period, with the possibility of extending that for one year by the employee's consent. Mr. Walker liked Puerto Rico and so he applied to the Service to extend his time here, which is now almost up. It is widely agreed in the law of domicile that a person's physical presence at another place for the purpose of performing a job of a definite duration is not inconsistent with his retention of an earlier domicile as his home, which I think is the fact in this case.

■ With respect to the issue of the existence of the requisite jurisdictional amount "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), it seems to be settled that the amount of an attorney's fee demanded for services in this proceeding pursuant to a Puerto Rican statute, 32 L.P.R.A. 1461, is not "costs" within the meaning of the jurisdictional act, but should be added to the principal sum sued for in determining the amount in controversy. See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); People of Sioux County, Nebraska v. National Surety Co., 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547 (1928); Garcia v. Heirs of Rodriguez, 61 P.R.R. 590 (1943).

■ It seems also to be settled, and this is not disputed by the defendants, that the fact that the plaintiff may end up with a judgment in lesser amount than the minimum jurisdictional requirement does not necessarily defeat the federal jurisdiction. Plaintiffs are notoriously optimistic in what they demand in the ad damnum clause. Hlavaty v. Muffitt, 190 F.Supp. 541 (W.D.Va.1960). It is only where, under the facts it would be impossible for them to collect such an amount so that the inference is inescapable that the plaintiffs' allegation of federal jurisdiction is in bad faith and colorable, that we can say that federal jurisdiction is lacking. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289–290, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

■ In the case at bar, the principal amount requested against Paradise Taxicabs, Inc., was $14,610. Plaintiff also asks as attorney's fees the sum of $6,000, which no doubt is on the optimistic side, since it is 41 per cent of the principal sum sued for. But see Brown v. Niagara Fire Ins. Co., 132 F.Supp. 509 (W.D.Mo. 1955). Of course, so far as the Maryland Casualty Company is concerned, the maximum of $5,000 on the policy controls its principal liability. But I cannot say that the limit of $5,000 plus $6,000 attorney's fee is so disproportionate in amount as to be a sign of bad faith on the plaintiff's part.

An order will be entered denying the motions to dismiss for lack of jurisdiction.