STATE SECURITY INSURANCE COMPANY, Plaintiff,

v.

Donald A. WHITE, d/b/a Hurricane Rides et al., Defendants.

Civ. A. No. CV677–25.

United States District Court,
S. D. Georgia,
Swainsboro Division.

Oct. 15, 1980.

---

874

Edgar A. Neely, Jr., John W. Winborne, III, Atlanta, Ga., for plaintiff.

W. M. Fulcher, Augusta, Ga., and Paul W. Calhoun, Jr., Vidalia, Ga., for Forwood, Kelley, Hamilton a/k/a Ted Forwood & Assoc.

Thomas B. Clifton, Jr., Lyons, Ga., for Otis Hall and John K. Hall.

Wilmer L. Salter, Vidalia, Ga., for Charnie Johnson.

William T. Whatley, Vidalia, Ga., for Ronald Morris, Pamela Diane Smith, Shirley Sue Joy, Virginia Lois Adkins, Mona Faye Jenrette, Ernest Cox, Mrs. Larry Eggert, James Bahr, Tony Lee Miller, Vicky Cox, Gary Bahr, Jack Smith, Merle Joy, Emory Jenrette, Sr., Norman T. Miller.

Ollie Ben Butler, Jr., Tampa, Fla., for Donald White.

Philip L. Merkel, Savannah, Ga., for E. Brownlee.

## ORDER

BOWEN, District Judge.

On September 12, 1977, plaintiff–insurer filed this action seeking a declaration of its duty to pay any judgment which may have been entered against its insured, defendant Donald White, d/b/a Hurricane Rides. Both parties moved for summary judgment. After determining that Florida law governed, the Court denied the motions on the ground that plaintiff's liability turned upon a single unresolved question of fact. Subsequently, plaintiff chose to settle with the possible claimants and the action was dismissed on June 27, 1979. On February 1, 1980, defendant submitted a request for an award of attorney's fees.

Attorney's fees are not ordinarily recoverable in federal litigation in the absence of a statutory or contractual provision. See *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). Defendant cites Florida Code § 627.428 as authorization for an award here. This statute provides in part:

"Upon rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

In an ordinary diversity case, a federal court will comply with a state law giving a right to attorney's fees if the law reflects a substantial policy of the state and does not conflict with federal legislation. *See People of Sioux County v. National Surety Co.*, 276 U.S. 238, 48 S.Ct. 239, 72 L.Ed. 547 (1928). The purpose of Florida Code § 627.428 is to discourage needless or groundless litigation under insurance contracts in Florida. This statute does not run counter to federal rules, but neither does it represent a substantial legal policy of the state of Florida. The statute is clearly a procedural one limited in application to

 

cases in state or federal courts in Florida. *Fidelity–Phenix Fire Ins. Co. v. Cortez Cigar Co.*, 92 F.2d 882 (5th Cir. 1937).

The substantive issues of this action were governed by Florida law, as noted in the Court's order denying summary judgment. But the Court is not bound to apply a procedural statute which, by its own language, confines it to *judgments* rendered in Florida. Moreover, even if the statute did not contain a geographical limitation, its applicability is doubtful since a judgment was never rendered in this case. Any award of attorney's fees to defendant must be sanctioned by authority other than Florida Code § 627.428.

Georgia has a statute providing for attorney's fees in insurance litigation. This statute, Georgia Code § 56–1206, authorizes an award in an action brought by an insured against an insurer who has refused to pay a claim in bad faith. This action was not brought against an insurer. Rather, the insurer was the plaintiff and the ir red the defendant. Section 56–1206 does not provide for an award of attorney's fees in a declaratory action brought by an insurer. *See South Carolina Insurance Co. v. Hunnicutt*, 107 Ga.App. 366, 130 S.E.2d 239 (1963). Defendant attempts to avoid this conclusion by bringing a counterclaim. The substance of the counterclaim is that attorney's fees should be awarded for the defense of the declaratory judgment action. Defendant cannot use a countersuit as a bootstrap, however. The Georgia statute reimburses an insured for the prosecution of a case against an insurer who has refused to pay a proper claim. No litigation of this sort occurred here. Defendant cannot receive attorney's fees under Georgia Code § 56–1206.

■ If statutory or contractual provisions are not present, a court may still award attorney's fees through its equitable power. *See generally* 6 *Moore's Federal Practice*, ¶ 54.77[2]. An award as such does not depend upon the resolution of the action on its merits. To require otherwise might discourage prompt settlement. *See Levine v. Bradlee*, 378 F.2d 620 (3rd Cir. 1967).

Exercise of this power is appropriate only in cases with exceptional circumstances. An unfounded action brought in bad faith would be such a case. *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974).

■ Defendant alleges that plaintiff knew it could not prove facts necessary to obtain a judgment in its favor. There was no indication of this until the Court determined that liability depended upon a single factual issue. If plaintiff was then enlightened to the difficulties of proving its case, good faith was shown by its subsequent decision to settle. There is no evidence that this action was brought in bad faith. The Court cannot exercise its equitable power to award attorney's fees to defendant.

Without sufficient authority to award attorney's fees, the Court cannot grant defendant's request. Neither the Florida Code nor the Georgia Code provide for an award in a case such as this one. An exercise of the Court's equitable power is not appropriate due to plaintiff's lack of bad faith. Accordingly, defendant's request for an award of attorney's fees is hereby DENIED.