MARYLAND CASUALTY CO. et al. v.
UNITED STATES, to Use of HEY-
WARD et al.

No. 4558.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1940.

Roscoe C. Lorentz, of Springfield, Ohio, and Thomas B. Whaley, of Columbia, S. C. (Wise & Whaley, of Columbia, S. C., and Todd, Tehan & Lorentz, of Springfield, Ohio, on the brief), for appellants.

Frank B. Gary, Jr., of Columbia, S. C. (Roger M. Heyward, of Columbia, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and COLEMAN, District Judge.

SOPER, Circuit Judge.

This suit was brought to the use of E. R. Heyward, a sub-contractor under a government contract for the erection of a court house at Columbia, South Carolina, against James I. Barnes, the principal contractor, and the Maryland Casualty Company, as surety, to recover the sum of $1324.29 with interest, as the balance due to the sub-contractor for plumbing and heating fixtures

installed under the contract. The suit was filed under the Hurd Act, 40 U.S.C.A. § 270, and was prosecuted on behalf of Heyward and of such other creditors of the contractor as might intervene. G. A. Shillito, a sub-contractor who supplied the metal work and roofing to the building and claimed a balance due of $646.98, was allowed to file an intervening petition. The suit resulted in a judgment in favor of Heyward in the sum of $1,324.29 with interest, and a judgment in favor of Shillito in the sum of $136.67 with interest, the defendants to pay the costs including an attorney's fee of $350.

That the sub-contractors have not been paid for work and materials furnished to the extent of the respective sums included in the judgment is admitted; but the defendants appeal on the ground, urged without success in the District Court, that the United States has withheld like amounts from the principal contractor because the rate of wages paid by the sub-contractors to their employees on the work was less than the rate agreed to be paid in the general contract and in the sub-contracts. At the time of the execution of the main contract an approved code of fair competition, established under the National Industrial Recovery Act, 48 Stat. 195, provided for a minimum rate of wages of 40¢ per hour, whereas the prevailing minimum rate at the time and place was 20¢ per hour, and it was stipulated in all the contracts that the wages on the work should be those prescribed by the United States under the code. This situation also obtained when the Shillito sub-contract was executed. Subsequently, however, the National Industrial Recovery Act was declared invalid by the Supreme Court in Schechter Corp. v. United States, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947, and thereafter the Heyward sub-contract was executed. The United States has taken the position that because of this chain of circumstances, the main contractor would be unjustly enriched if paid the full contract price because that price was fixed with relation to the approved code which the parties believed would govern the rate of wages during the performance of the work, whereas in fact the code was found to be invalid before the work was done and labor was actually furnished on the job at a much lower figure. The main contractor has brought suit against the United States in the Court of Claims to test the matter, and therefore asks that the present suit be dismissed, or that it be held in abeyance pending the decision of the Court of Claims.

The defendants rely upon a paragraph of the sub-contracts which provides in substance that if there shall be evidence of any lien or claim chargeable to the sub-contractor for which, if established, the contractor or owner might become liable, the contractor shall have the right to retain out of any payment due or to become due an amount sufficient to indemnify the contractor or owner against such lien or claim; and that no payment for work under the contract shall be made to the sub-contractor until the owner shall have paid the contractor therefor. The contention is that the government's refusal to pay the main contractor the sums withheld is chargeable to the failure of the sub-contractors to pay the rate of wages fixed by the code of fair competition, and that in effect the government's action constitutes a charge against the sub-contract; and furthermore, that the main contractor is under no obligation to pay the sub-contractors the amounts withheld because he has not himself received the money from the United States.

So far as the Shillito claim is concerned, this position is well taken. Without passing upon the merits of the government's charge of unjust enrichment, it is manifest that Shillito, and not the principal contractor, received the benefit of the invalidation of the Recovery Act, because the consideration to be paid him under his sub-contract was agreed upon before the decision of the Supreme Court, and he was able later to hire laborers at the lower rate which prevailed in the community. Our conclusion is that action on the intervening petition of Shillito should have been held in abeyance until the decision of the case pending in the Court of Claims.

But the contrary is true with regard to the Heyward claim. His contract was made after the Recovery Act was struck down, and his contract price was fixed with relation to the prevailing local rate and the advantage accrued to the main contractor whose contract with the United States had been made when it was assumed that the higher wage rate prescribed by the code would prevail.

The government is making and could make no claim that Heyward has violated

his contract or that he would be unjustly enriched if he should be paid the full amount specified therein. Rather, the charge of the government is that the main contractor has profited unfairly by an unexpected event, and that he should be compelled to disgorge the additional sum that the government allowed only upon the assumption that it would not remain in his pockets but would find its way, through the sub-contractors, into the hands of the workmen. There is therefore no room for the application of the doctrine of abatement of actions outlined in 1 C.J. § 80, p. 61, and § 103 p. 80, cited by the defendants, for while there is a prior action between the main contractor and the United States which has some relation to the subject matter of this suit, the parties are not the same. Heyward is not a party to the prior suit and has no privity with the main contractor therein in the sense that a judgment for or against the main contractor might be pleaded against Heyward. Whatever the decision in the prior suit, the main contractor is indebted for the balance claimed. Nor can it be fairly said that the main contractor may withhold the balance due because he himself has not been paid by the United States. Within the meaning of the contract, the United States has in fact paid him for the work which Heyward performed; it has refused only to pay him for what it considers an overcharge in which Heyward had no share or profit.

■■ The judgment was therefore correct insofar as it awarded $1,324.29 with interest to Heyward on his claim, but the allowance of a fee as a part of the costs was erroneous. The suit was an action at law for a definite sum of money claimed by Heyward. Illinois Surety Co. v. United States to Use of Peeler, 240 U.S. 214, 223, 36 S.Ct. 321, 60 L.Ed. 609; Arnold v. United States, 4 Cir., 280 F. 338. And in an action at law, attorney's fees are no part of the costs. 15 C.J. § 248, p. 114. Indeed the claim for attorney's fee is not seriously pressed in this court.

■ The case was tried below without a jury. It was referred to a special master who made findings of fact and conclusions of law, which were adopted by the judge. There is no dispute as to the facts. It is therefore not necessary to require a new trial in the District Court but merely to remand the case to the District Court with instructions to enter the proper judgment. Illinois Surety Co. v. United States, 7 Cir., 226 F. 653, affirmed Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Title 28 U.S.C.A. § 876, Notes 2 and 6; 28 U.S.C.A. § 877, notes 151 and 175.

The judgment of the District Court will therefore be affirmed, insofar as it awards $1,324.29 with interest to Heyward, but reversed insofar as it includes the sum of $350 for an attorney's fee as part of the costs; and the judgment awarding $136.67 with interest in favor of Shillito will be reversed, with the direction that his claim be held in abeyance pending the decision of the suit by the main contractor against the United States in the Court of Claims; and the case will be remanded to the District Court in order that the judgment may be modified in accordance herewith. The costs of the appeal will be divided.

Modified.