**Albert HLAVATY, Plaintiff,**

v.

**James H. MUFFITT and Mason-Dixon Truck Lines, a Corp., Defendants.**

**Mildred HLAVATY, an infant who sues by Albert Hlavaty, her father and next friend, Plaintiff,**

v.

**James H. MUFFITT and Mason-Dixon Truck Lines, a Corp., Defendants.**

**Ilse HLAVATY, Plaintiff,**

v.

**James H. MUFFITT and Mason-Dixon Truck Lines, a Corp., Defendants.**

**Albert HLAVATY, Jr., an infant who sues by his father Albert Hlavaty as next friend, Plaintiff,**

v.

**James H. MUFFITT and Mason-Dixon Truck Lines, a Corp., Defendants.**

**Civ. A. Nos. 1048–1051**

United States District Court
W. D. Virginia,
at Roanoke,
April 11, 1960.

Fine, Fine, Legum, Weinberg, & Schwan, by Louis B. Fine, Norfolk, Va., for the plaintiff.

Woods, Rogers, Muse & Walker, by William B. Poff, Roanoke, Va., for the defendant.

DALTON, Chief Judge.

Albert Hlavaty has sued the defendants in this Court in tort for $20,000, alleging negligence on the part of defendants which proximately caused plaintiff severe and permanent personal injuries and physical and mental pain, necessitating medical treatment, and alleging further that medical treatment will be required in the future and that plaintiff was unable to perform his work and was otherwise damaged.

Separate suits of Albert Hlavaty, Jr., suing for $15,000, Mildred Hlavaty suing for $15,000, and Ilse Hlavaty suing for $20,000, make, generally, the same allegations.

Defendants contend, by motion to dismiss, that the Court lacks jurisdiction

because the amount in controversy does not exceed $10,000, exclusive of interest and costs.

The jurisdictional amount, formerly $3,000, was amended in 1958 to $10,000. 28 U.S.C.A. § 1332. This was done in an effort to meet a heavy increase in the case loads of the United States District Courts, but we have never perceived how this change would materially lessen the tort cases in the Federal Courts. Very probably, in many instances, the amendment has instead had the effect of changing the amount sued for.

Prior to the motion to dismiss in this case, the Court has given some thought to the very question now before it. From the time of the proposal of the amendment raising the jurisdictional amount from $3,000 to $10,000, we have wondered how a District Court could say that a person should sue in tort for less than $10,000, when the plaintiff and his counsel allege the damages were in excess of that amount.

We must bear in mind that if the plaintiff has the right of recovery, the plaintiff also has the right to have a jury determination of the measure of damages.

This Court does not feel that it could say that a plaintiff, who presumably comes into Court in good faith and represented by reputable counsel, is imposing on the jurisdiction of the Court.

The question of placing an evaluation on damages to be allowed for personal injuries, pain and suffering is one on which fair-minded persons may differ, and we cannot say that a plaintiff's claim should be dismissed on the ground that perhaps the plaintiff and his attorneys value the claim too high. In making this statement, we are conscious of the fact that many personal injury suits are filed for amounts greatly in excess of the fair evaluation—albeit in most instances are for an amount larger than the plaintiff or his counsel hope to receive. Nevertheless, courts and juries are duty-bound to hear the claims of the contending parties and must start on the premise that the amount in controversy is the amount

that plaintiff alleges in his complaint, and then after due consideration of the law and evidence, resolve such controversies in the way that justice may be done as fully and completely as is possible.

■ Plaintiff's allegations must be taken as true in ruling on a motion to dismiss solely on the ground of lack of jurisdictional amount. Gibbs v. Buck, 1938, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

Plaintiff cites Amos v. Prom, D.C.Iowa 1953, 115 F.Supp. 127, at page 137, where plaintiff had sued for $3,000.00 for compensatory damages plus $7,000 exemplary damages (a case before the amendment increasing the jurisdictional amount). The Court there said:

"As it does not appear to a legal certainty that a recovery by plaintiff in excess of $3,000 would be impossible under Iowa law, the motion to dismiss for lack of jurisdiction is overruled."

A text writer, Harry C. Fins, in his book, Federal Jurisdiction and Procedure (1960) gives the following discussion on jurisdictional amount:

"Jurisdiction is determined by the amount claimed by the plaintiff, not by the amount recovered. ' * * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed, or if, from the proofs the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount and that his claim was therefore colorable for the pur-

pose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction'."

It is not impossible for the plaintiff to recover in excess of the jurisdictional amount, and as we view it, the amount in dispute is the amount sued for. If the District Court should embark on an adventure of dismissing tort cases on the ground that the matter in controversy does not exceed the sum or value of $10,000, exclusive of interest and costs, then we would be placing in the courts an arbitrary power that would greatly impair their usefulness. It is on the basic right of litigants to have their controversies (and the plaintiff and his counsel here say that from their standpoint the amount in controversy exceeds $10,000) determined that our system of jurisprudence must largely depend.

The motion to dismiss is denied.