C. P. HARRIS, Jr., Administrator C.T.A. of the Estate of W. T. Harris, W. A. Harris, Thelma M. Whitehurst, and Katherine D. Harris, Plaintiffs,

v.

PASQUOTANK COUNTY, NORTH CAROLINA, Defendant.

Civ. No. 415.

United States District Court
E. D. North Carolina,
Elizabeth City Division.

March 20, 1964.

See also D.C., 33 F.R.D. 351.

LeRoy, Wells & Shaw, Elizabeth City, N. C., for plaintiffs.

Aydlett & White, Elizabeth City, N. C., for defendant.

LARKINS, District Judge.

## SUMMARY

This action is brought to recover damages in the amount of $25,000.00 based on an alleged breach of contract and damages done to forty (40) acres of land which the plaintiffs own. The parties appeared before the court for a pretrial conference on July 23, 1962, at which time the court entered an Order. Following an amendment to the complaint, the defendant renewed a motion to dismiss for failure to state a claim upon which relief can be granted. That motion was denied on August 20, 1963.

The cause is now before the court on defendant's motion for judgment of dismissal on the ground that the alleged claim involves less than the requisite jurisdictional amount, pursuant to the provisions of Title 28 U.S.C. § 1332. Both parties have submitted briefs and affidavits in support of their respective positions on the pending motion.

## FINDINGS OF FACT

For the purposes of such a motion as is before the court, the allegations of the complaint, as amended, are taken as true. Hlavaty v. Muffitt, 190 F.Supp. 541 (W.D.Va.1960); Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111, (1938). Thus, the facts as alleged by plaintiffs are as follows:

The plaintiffs, who are residents of the Commonwealth of Virginia, hold a forty-acre tract of land in Elizabeth City Township as tenants in common. In September 1957, the voters of Pasquotank County approved a duly authorized bond issue for the purpose of financing the erection of a hospital and of buying land as a site therefor. Thereafter, a committee of the County Board of Supervisors of the defendant County negotiated with the plaintiffs to acquire an option for the purchase of their forty-acre tract. Subsequently, plaintiffs offered to sell their property for $39,000. and proposed a method of payment to the County Board of Commissioners. At a meeting held on January 6, 1958, the Pasquotank County Board of Commissioners accepted, by unanimous resolutions, plaintiffs' offer to sell and their suggested method of payment. Notice of acceptance was received by W. A. Harris, one of the plaintiffs, by a letter dated January 6, 1958, and signed by J. S. Spence as Clerk for the Pasquotank County Board of Commissioners.

Pursuant to the notice of acceptance the defendant County took possession of plaintiffs' tract of land, evicted their tenant, dug holes in the ground, drove pilings and laid pipe and exercised dominion over the tract. Thereafter, plaintiffs tendered the deed to their forty-acre tract of land to the County through the county attorney, but the tender was refused. Afterwards, the defendant purchased another site for the hospital and informed the plaintiffs that it would not comply with its contract to buy the land.

## CONCLUSIONS OF LAW

In considering a motion to dismiss on the ground that the necessary jurisdictional amount is lacking, the court must adhere to certain guidelines as set out in St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Speaking for the Court, Justice Roberts stated:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint dis-

closes the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."

In this connection see also Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), and Richard Colgin Company v. Diamond Crystal Salt Company, 32 F.R. D. 44 (D.C.N.C.1963).

In this instant case the defendant contends that the plaintiffs' allegations of damages are not made in good faith, but are mere pretense. To counter this contention plaintiffs have submitted an affidavit attempting to show their good faith by setting forth the alleged damages which they claim they have sustained. The affidavit is sufficient to carry plaintiffs burden of proof in displaying their good faith and in showing that their cause possibly exceeds, exclusive of interest and costs, the sum of ten thousand dollars in damages.

Following the doctrine laid down in the St. Paul Mercury Indemnity Company case, supra, the United States Court of Appeals for the Fourth Circuit has said this:

"In applying this test, it has been further recognized that while good faith is a salient factor, it alone does not control; for if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. * * * However, the legal impossibility of recovery must be so certain as vir-tually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff." McDonald v. Patton, 240 F.2d 424, 426 (C.C.A.4th 1957).

Here the court cannot find, as a legal certainty, that the plaintiffs cannot recover the jurisdictional amount which they have alleged. Giving them the benefit of the doubt then, their cause is properly within the jurisdiction of this court.

Therefore, it is ordered that the defendant's motion to dismiss for want of the necessary jurisdictional amount be, and the same is hereby denied.

The Clerk is directed to serve a copy of this Opinion and Order upon all counsel of record.