Nicholas Henry LUTZ and Farrell D. Lutz, Plaintiffs,

v.

Samuel Scott McNAIR and John Doe, Defendants.

Civ. A. No. 3809.

United States District Court
E. D. Virginia.

Aug. 31, 1964.

872

Allen, Allen, Allen & Allen, Frank C. Maloney, III, Richmond, Va., for plaintiffs.

Battle, Neal, Harris, Minor & Williams, Henry H. McVey, III, Richmond, Va., William A. Perkins, Jr., Charlottesville, Va., for defendants.

STERLING HUTCHESON, District Judge.

This is an action filed by Nicholas Henry Lutz and his wife Farrell D. Lutz against Samuel Scott McNair and "John Doe". The action is founded on diversity of citizenship and amounts alleged to be in controversy. The plaintiffs are citizens of the state of New Jersey. The defendant is a citizen of the state of Pennsylvania and the defendant referred to as John Doe is alleged to be a citizen of Virginia. John Doe was dismissed in the preliminary stages and need be considered no further.

The injuries of which complaint is made were received in a collision which occurred on October 20, 1961 involving an automobile operated by the defendant and an automobile operated by the plaintiff, Nicholas Henry Lutz, in which last mentioned vehicle the plaintiff, Farrell D. Lutz, was a passenger. The collision occurred in Albemarle County, Virginia. There were allegations and some testimony concerning a third automobile operated by the John Doe referred to.

There are also allegations concerning liability of State Farm Mutual Automobile Insurance Company under the Virginia Uninsured Motorist Act. That allegation needs no further consideration, having been disposed of along with John Doe.

The usual allegations concerning negligence and contributory negligence were made and denied. The jury returned a verdict against the plaintiff, Nicholas H. Lutz, and in favor of the plaintiff, Farrell D. Lutz.

The plaintiff, Nicholas H. Lutz, has filed a motion to set aside the verdict of the jury as to his claim and to award him a new trial limited to the issue of damages or a new trial on all issues on the ground that the verdict is contrary to the law and evidence and because of error of the court by including in the charge that portion allowing the jury to find him, the plaintiff driver, guilty of contributory negligence.

The defendant has filed a motion seeking to set aside the verdict of the jury upon the ground that it is contrary to the law and the evidence, that the evidence was insufficient to justify a verdict for the plaintiff, Farrell D. Lutz, and that the evidence showed as a matter of law that the injuries sustained by her were the result of negligence of John Doe.

The defendant also has moved that the order assessing costs in the action involving Farrell D. Lutz should be amended so as to deny her costs and that the entire costs should be assessed against plaintiffs under Section 28 U.S.C. § 1332 (b) on the ground that the record shows the plaintiffs did not, in good faith, claim sums in excess of $10,000 exclusive of interest and costs.

The evidence was conflicting upon the question of negligence and contributory negligence. It clearly presented issues for determination by the jury. The court can not substitute its opinion for that of the jury. It is unnecessary that the court express an opinion as to the correctness of the verdict in such situation and I specifically re-

frain from so doing. Suffice it to say that there is no merit in the respective motions for a new trial and they are denied.

The motion based on Section 1332(b) gives me some concern. The collision occurred on October 20, 1961 in Albemarle County within the Western Judicial District of Virginia. The action was filed at Richmond in the Eastern Judicial District of Virginia on October 18, 1963. Mrs. Lutz was treated for her injuries in the University of Virginia Hospital located at Charlottesville, Albemarle County, Virginia. Regular terms of the United States District Court are held in Charlottesville, the residence of a Judge of that court. Sitting in Charlottesville also is the Circuit Court for Albemarle County, Virginia. On October 15, 1963 a suit for the same injuries here involved was filed in the last named court but was not prosecuted.

Counsel for the defendant have offices in Charlottesville and in the city of Richmond. Counsel for the plaintiff maintain their offices in Richmond. The defendant moved that the case be transferred to the United States District Court for the Western District. That motion was successfully opposed by the plaintiffs.

In this action Mr. and Mrs. Lutz are joint plaintiffs and while the jury returned a verdict against Mr. Lutz, his injuries must be considered on the question involving the jurisdictional amount.

Mr. Lutz sued for $25,000 and Mrs. Lutz alleged her damages to be $50,000.

The medical testimony of Dr. R. D. Butterworth of Richmond was introduced in the form of a deposition taken in Richmond on June 2, 1964 relative to his examination of the plaintiffs in his office on March 4, 1964.

As to Mr. Lutz, Dr. Butterworth found soreness and tenderness in the lower part of his neck with discomfort on extremes of motion. There was no history of discomfort previous to the collision, but from an x-ray finding made approximately two months after the collision, there was revealed a deterioration of in-

tervertebral discs. Such deterioration customarily takes place over a period of several years. It was the conclusion of Dr. Butterworth that Mr. Lutz had received a sprain of his neck which may have aggravated a condition which may have previously existed. There was a history of no loss of time from work and not enough discomfort to cause Mr. Lutz to consult a doctor until approximately 2 months after the collision.

As stated, there was a verdict against Mr. Lutz, but his injuries viewed in the most optimistic light after the expiration of two years following the collision, at which time suit was filed, could not add up to $10,000, to say nothing of $25,000.

Turning to Mrs. Lutz, when she was examined by Dr. Butterworth on the same day he found that she had sustained a fracture of her nose from which she had recovered and a sprain of her neck which aggravated a pre-existing arthritic condition which causes some discomfort when she carries her neck in extremes and particularly when held in an extreme position for some length of time. No treatment was suggested for the present but if the discomfort becomes sufficiently painful heat and massage would afford relief.

It is difficult to understand how her injuries, two years after the collision when suit was filed, could be estimated at $10,000. She sued for $50,000. The jury's verdict of $2,000 was liberal.

The purpose of what is known as the Diversity Statute is to afford non-residents of a state a forum in which they will not be discriminated against on account of presumed prejudice against a stranger whose adversary is a resident of the state.

Without considering the questionable present practical need of the statute it can not be gainsaid that for the past quarter century the federal courts have been increasingly deluged with litigation which should be channeled into state courts. Counsel for litigants are largely responsible for this abuse of a tolerant

indulgence on the part of the federal judiciary. In this case neither plaintiff nor defendant was a resident of Virginia. There was no reason for invoking the Diversity Statute. The case should have been tried in the Circuit Court of Albemarle County, Virginia where the witnesses resided and where is located the hospital in which Mrs. Lutz was treated. However, no witness from the hospital was called and the testimony of Dr. Butterworth who resides in Richmond was introduced in the form of a deposition.

In short this is a typical case in which the benevolent laxity of the federal courts has invited imposition upon their time and energy which should be devoted to the determination of real federal issues. It is a problem which has caused me concern for some length of time.

I have examined Hlavaty v. Muffitt, D. C., 190 F.Supp. 541 and Bochenek v. Germann, D.C., 191 F.Supp. 104. In Bochenek the trial judge quotes the legislative history of 28 U.S.C. § 1332(b) as it deals with good faith in alleging damages totalling $10,000. There is no recital concerning the nature of the injuries and there was one verdict for $4,000. It is true that the assessment of unliquidated damages is not an exact science and courts and juries may err in either direction. However, that case is of slight aid here.

Nor do I find Hlavaty of assistance under the facts of this case. There the motion to dismiss for lack of jurisdiction was filed before trial. Judge Dalton quite properly held, in the absence of evidence, that prima facie jurisdiction is fixed by the amount claimed. He does make an observation worthy of note: "Very probably, in many instances, the amendment (increasing the jurisdictional amount to $10,000) has * * * had the effect of changing the amount sued for."

In any event, this is not a motion to dismiss but it is a motion dealing with the assessment of costs after verdict.

In this case I do not find bad faith on the part of plaintiffs nor their counsel.

I do find a lack of appreciation of the proper functions of the judicial tribunals of the state and of the judicial tribunals of the central government.

 In conclusion, while possibly erring but bearing in mind the practice which has grown up, for which the federal courts are not without fault, I shall not tax the cost against the plaintiff. I shall direct that in the Farrell D. Lutz case each party bear his own costs. In the case of Nicholas Henry Lutz costs were properly awarded the defendant following the verdict of the jury.

This is not to be considered a precedent but is controlling only in this particular case because of the considerations to which I have referred.

Let the judgment be amended accordingly.